Exhibit F

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs*

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (*pro hac vice* to be filed)
30 South Pearl Street, 12th Floor
Albany, NY 12207
Tel.: (518) 434-0600
ashaw@bsfllp.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

| | |
|---|---|
| JOHN DOE-1 and JANE DOE-2, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-_____-24<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF (1) THE NJ IDENTITY THEFT PREVENTION ACT; (2) INTENTIONAL INTERFERENCE; (3) DECLARATORY RELIEF** |

## INTRODUCTION

1. Daniel's Law[1] was passed unanimously by the New Jersey Legislature to provide judges, prosecutors, and law enforcement officers – and their families – with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers. This right was intended to allow these public servants to better protect themselves and their family members

---

[1] P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1

against a wide range of harassment and threats, including threats of physical violence and death. Recognizing the severity of the risks involved in public service, the Legislature also provided these individuals with meaningful ways for them to enforce their rights against uncooperative profit-seeking data brokers such as LexisNexis Risk Data Management, LLC ("LexisNexis"). Plaintiffs are some of the over 18,000 "covered persons" who exercised their legal right under New Jersey's Daniel's Law to request that LexisNexis and other commercial data brokers no longer disclose or otherwise make available their home addresses or unpublished home telephone numbers.

2.     Instead of fully complying with those requests, LexisNexis chose to engage in an unlawful campaign to intimidate and retaliate against Plaintiffs and other members of the alleged class.  Rather than fully comply with Daniel's Law, as required, LexisNexis set into motion a campaign to freeze the credit reports of Plaintiffs and others, and in doing so permanently mar their credit histories with alleged "identity thefts" that never happened – doing so in retaliation for the efforts by Plaintiffs and others to exercise their rights under Daniel's Law.

3.     The unlawful actions by LexisNexis are putting the lives and safety of these thousands of public servants at risk.  The news is filled with horrific stories of law enforcement officers and judges – and their family members – being threatened, harassed, hunted down, injured, and killed by those with perceived grievances.  Daniel's Law allows active and retired law enforcement officers, prosecutors, and judges – and their eligible family members – to protect their home addresses and unpublished home telephone numbers from disclosure by data brokers like LexisNexis, who regularly profit from the selling and furnishing of that information to customers willing to pay.  The law is clear, and Defendants are very clearly not in compliance with the law.

4.     Instead of working to protect those who faithfully protect others by complying with Daniel's Law, LexisNexis retaliated against Plaintiffs and others by implementing unrequested,

unlawful, and harmful security freezes.  Plaintiffs never requested a credit report freeze, but LexisNexis responded to their Daniel's Law requests by doing just that – freezing Plaintiffs' credit reports.  Doubling down on that improper response, LexisNexis also reported that each of the Plaintiffs (and likely all other members of the alleged class) suffered from identity theft, which was a complete fabrication.  LexisNexis openly acknowledged in their letters of retribution that this reporting of identity theft and credit freeze may result in Plaintiffs being denied crucial financial, insurance, and health services.

5.      LexisNexis's response to these Daniel's Law requests should never have been a close call, and never should have triggered any credit freezes.  LexisNexis in its own public materials recognizes the difference between a Daniel's Law request and a request for a credit freeze.  They are two separate requests.  Plaintiffs' experience highlights the reality that a credit freeze does not constitute compliance with Daniel's Law: Plaintiffs sent requests to LexisNexis under Daniel's Law, and LexisNexis responded by freezing their credit while ***continuing to publish and make available information with their names and home addresses, as well as comprehensive reports on other family members (including minor children as young as 13 years old) living at the same address, within which additional protected information about the Plaintiffs was unlawfully disclosed***.  The following images are from a search performed on a LexisNexis "people search" product, using the last name of Officer John-Doe 1 and his city (and state) of residence as search criteria, ***after*** LexisNexis froze his credit file, and ***after*** the compliance period set by Daniel's Law had expired:

3



**LexisNexis/Accurint search results for Officer DOE-1's last name and the city where he lives.**





**The first search result is DOE-1's (under 18) minor child.  LexisNexis sells a "comprehensive report" about this child, including the child's full name, home address, and other sensitive personal information.**



**LexisNexis's "comprehensive report"** on Officer DOE-1's minor child - retrieved <u>after</u> Daniel's Law request and <u>after</u> security freeze.

LexisNexis report includes detailed information regarding DOE-1's minor child.





LexisNexis report includes <u>name and home address</u> for DOE-1 and his wife, in violation of Daniel's Law and despite a credit freeze.

Numerous similar cases documented, involving children as young as 13 years old – whose parents are prosecutors and law enforcement officers.

Instead of complying with Daniel's Law, LexisNexis doubled down with its unlawful actions.

6.      Plaintiffs are bringing this lawsuit now because they have been unable to otherwise obtain relief from these unlawful freezes.  They and others requested that LexisNexis remove the credit freezes.  Although the law requires that a credit freeze be promptly lifted upon request, LexisNexis still has not done so.  As detailed below, LexisNexis has engaged in a prolonged effort to thwart Plaintiffs' efforts to lift these credit freezes.  Plaintiffs believe this is part of an unlawful effort by LexisNexis and others to punish and deter attempts to seek compliance with Daniel's Law, resulting in substantial and ongoing harm to Plaintiffs and others.  Defendants' purposeful retribution and terrorization of our prosecutors and law enforcement officers – and their families

– should not be tolerated.  Plaintiffs, on behalf of themselves and others similarly situated, respectfully seek relief from this Court.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

7.      In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect them.  By the time his mother, a Judge, came to the door to check on what happened, the killer was gone.  But her husband was critically wounded, and Daniel tragically died from the gunshot.

8.      During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge and went to her home that day intending to kill her.  Instead, he murdered the Judge's son and almost succeeded in killing her husband as well.  Investigators eventually connected this attack with another shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to what was pending before Daniel's mother.

9.      Critically, the gunman was able to find the home addresses of both of his murder victims through the various people-finder resources available on the internet,[2] the same kind of data-broker services operated by Defendants in this case.

---

[2] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

**New Jersey Passes Daniel's Law in 2020**

10.     In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.  Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than that of Judges and prosecutors.

11.     Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers.  Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."  Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

12.     Daniel's Law was amended in 2023, as P.L. 2023, c. 113. The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.  As of July 20, 2023, Daniel's Law, as codified in N.J.S.A. 56:8-166.1, provided:[3]

> 3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association

---

[3] https://legiscan.com/NJ/bill/S3125/2022

shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.

b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.

c. The court shall award:

> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
>
> (2) punitive damages upon proof of willful or reckless disregard of the law;
>
> (3) reasonable attorney's fees and other litigation costs reasonably incurred; and
>
> (4) any other preliminary and equitable relief as the court determines to be appropriate.

d.  For the purposes of this section:

> …"Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

13.     Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law.  The Chief Justice was quoted stating, "[t]he law requires every judge to swear an oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety … [a] judicial system cannot and should not live in fear."[4]

14.     The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers.  It allowed federal judges to redact their personal information displayed on federal government internet sites.

---

[4] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.

15.     The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[5] and it was signed by President Biden.[6]

**<u>Violence Against Police Officers and Judges Has Not Stopped</u>**

16.     Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[7]

17.     More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[8]  The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[9]

18.     Thus, the need for covered persons to receive the benefit of Daniel's Law's protections without fear of financial reprisal from data brokers who also act as consumer reporting agencies is both urgent and immediately apparent.

---

[5] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.

[6] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.

[7] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com), https://www.forbes.com/sites/jemimamcevoy/2020/09/18/shooters-open-fire-on-home-of-new-jersey-police-officers-in-targeted-attack-chief-says/?sh=764b12434e09.

[8] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN, https://www.cnn.com/2023/10/20/us/maryland-judge-killing-investigation-andrew-wilkinson/index.html.

[9] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN, https://www.cnn.com/2022/06/04/us/wisconsin-judge-killed-targeted-attack/index.html.

**Plaintiffs And Other Members Of The Class Sent Daniel's Law Requests; Defendants Responded by Retaliating**

19.     Plaintiffs are members and family members of various law enforcement agencies, unions, and organizations of the State of New Jersey, including the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others.  The goal of these agencies, unions, and associations, since the first passage of Daniel's Law in November 2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

20.     In December 2023 and January 2024, Plaintiffs and other members of the class – all individuals covered by Daniel's Law – sent LexisNexis written requests under the statute, expressly requesting that LexisNexis stop making available for public sale and disclosure Plaintiffs' protected information.  These Daniel's Law requests specifically stated:

Data Subject Request – Redaction/nondisclosure Request

**To**            privacy@lexisnexisrisk.com
**From**          ███████████████████████████████
**Date**          █████████████████████████

LexisNexis
January 2, 2024

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: █████████████████████████

Home Address: ███████████████████████████████████

Sincerely,
██████████████████████████

21.    Nothing in any of the Daniel's Law correspondences sent by Plaintiffs to LexisNexis (or any other company) requested a credit freeze. And none of these Daniel's Law correspondences reported an identity theft.

22.    Instead of complying with Daniel's Law, Defendants proceeded to retaliate against Plaintiffs and others, with intent, design, and malice. Specifically, Defendants proceeded to freeze Plaintiffs' consumer credit reports, and LexisNexis falsely reported that Plaintiffs suffered identity thefts under <u>N.J.S.A.</u> 56:11-44, et seq.:



# LexisNexis®

LexisNexis® Consumer Center

Consumer Number: ▮▮▮▮▮

Case Number: ▮▮▮▮▮

Dear ▮▮▮▮▮▮▮▮

RE: Security Freeze Confirmation

Thank you for your request to place a security freeze on your file with LexisNexis Risk Solutions, ("LexisNexis") as provided by law in your state of residence. This letter is to confirm that a security freeze has been placed on your file.

Security freezes will be placed based on your state of residency and the customers use case. Based on this information, LexisNexis may not release your report(s) or score(s) derived for those use cases. You should be aware that applying a security freeze to your file may delay, interfere with, or prohibit the timely approval of applications you make for items such as credit, benefits, or insurance underwriting. WARNING TO PERSONS SEEKING A CREDIT FREEZE AS PERMITTED BY THE CREDIT REPORT PROTECTION ACT: YOU MAY BE DENIED CREDIT AS A RESULT OF A FREEZE PLACED ON YOUR CREDIT FILE. A security freeze does not apply to certain users of consumer reports, including those with whom you already have an existing account. These users request your file for the purpose of reviewing that account.

This security freeze is being placed on your file pursuant to the security freeze laws in your state of residence, NJ, specifically, N.J. Stat. Ann. § 56:11-30, 56:11-46, 13:45F-2.1 through 13:45F-2.7, 13:45F-5.1 as of the date of this letter.If your state of residence changes, please notify LexisNexis at the number below and request an update to the applicability of your security freeze.This security freeze will remain in place indefinitely until you decide to temporarily or permanently remove the security freeze.Below you will find a unique Personal Identification Number(PIN) that you will need in the event that you choose to temporarily or permanently remove the security freeze.

Should you wish to remove your security freeze, you must contact us and provide proper identification and your PIN number.

Please note that LexisNexis does not charge for security freezes.

If you have any further questions, you may contact the LexisNexis Consumer Center via email at consumer.documents@LexisNexisRisk.com or by phone at 800-456-1244. The LexisNexis Consumer Center's hours of operation are Monday – Friday from 8:00 A.M. to 7:00 P.M. Eastern Time. In an effort to protect your privacy and deliver prompt service, please have your Consumer Number (located at the top of this letter) accessible when you call our support number.

LexisNexis Consumer Center
Attn: Security Freeze
P.O. Box 105108
Atlanta, GA 30348-5108

Total Pages 1 of 6                    Page 1

23.     Daniel's Law did not permit LexisNexis or others to respond by freezing Plaintiffs' credit, and Plaintiffs did not report an identity theft pursuant to <u>N.J.S.A.</u> 56:11-44, et seq.[10]  As demonstrated by the contents of the written letters, LexisNexis knew that its retaliation against Plaintiffs would damage their contractual relationships and prospects with third parties.  Still, Defendants proceeded to injure and disparage Plaintiffs anyways.

24.     As a result of Defendants' actions, Plaintiffs have been unable to obtain or extend various important financial, insurance, and health services, including those that periodically require a credit report pull or updated financial history.  The need for Daniel's Law "covered persons" to receive the critical protections that the law was enacted to provide without fear of financial reprisal from data brokers is urgent and immediately apparent.

## **THE PARTIES**

### **Plaintiff Representatives, Officers JOHN DOE-1 and JANE DOE-2**

25.     Plaintiff JOHN DOE-1, whose name has been anonymized for safety reasons, is a decorated 17-year veteran of the South Plainfield police department and a former United States Marine.  Seeking to protect himself and his family from threats received during the course of his career, on January 2, 2024, Officer DOE-1 sent a Daniel's Law request to LexisNexis, requesting the nondisclosure of his home address and unpublished home telephone number.  Officer DOE-1 did not request any security freeze.

26.     On January 17, 2024, LexisNexis replied to Officer DOE-1 via email and acknowledged his request and replied that it had been processed.  In that same email, LexisNexis stated that a security freeze "will be placed on your file."  Officer DOE-1 then received a physical

---

[10] <u>N.J.S.A.</u> 56:11-44, et seq. is entitled "(the) Identity Theft Prevention Act."  <u>N.J.S.A.</u> 56:11-44, effective 2006 as L. 2005, c. 226, Section 1.

letter in the mail from LexisNexis, stating that a security freeze had been placed on his file, and

that an identity theft had been reported under <u>N.J.S.A.</u> 56:11-44, et seq.:



27.     Following that, Officer DOE-1 called the phone number provided by LexisNexis and asked for help.  On the phone, the LexisNexis call-center representative confirmed that a security freeze had been placed on his file.  In attempting to have the freeze lifted, Officer DOE-1 was asked to provide his full name, address, phone number, social security number, and driver's license number.  He provided all of this information.  He was then told by the LexisNexis representative that this information was insufficient to authenticate his identity.

28.     Officer DOE-1 uploaded three documents to the LexisNexis portal: a business letter addressed to him (showing his name and home address), his active New Jersey driver's license, and a recent bank statement showing his full name and home address.  Two weeks later, Officer DOE-1 received another physical letter in the mail from LexisNexis stating that it had rejected his identity documents as insufficient and refused to lift the security freeze on his account.

29.     On February 17, 2024, Officer DOE-1 sent LexisNexis a written request to lift the security freeze, from the same email address he had used to send the Daniel's Law requests and including the same personal information contained in those initial requests.  LexisNexis did not lift the credit freeze, nor have they – despite weeks passing - even responded to his email.

30.     Officer DOE-1 feels that he has exhausted his options and that LexisNexis is operating in bad faith, punishing him for exercising his rights under Daniel's Law.  He is further concerned because his son – a 19-year old active duty marine – also sent in a Daniel's Law request to LexisNexis, wanting to help protect himself and his parents from reprisals.  LexisNexis sent his son the same physical letter stating they had placed a security freeze on his credit file and reported an identity theft, but it was received after his son had already departed for his first duty station, where he has precious little free time to navigate the maze of challenging – and in some cases, seemingly insurmountable – requirements that LexisNexis has put in place.

31.     Plaintiff JANE DOE-2, whose name has been anonymized for safety reasons, is a retired veteran New Jersey police officer, suffering from multiple sclerosis.

32.     On January 1, 2024, Officer DOE-2 sent a Daniel's Law request to LexisNexis, requesting the nondisclosure of her home address and unpublished home telephone numbers.  She sought to enforce her rights under Daniel's Law because she personally received direct threats of violence and death against her and her family members during her tenure as a New Jersey law enforcement officer.  At one point in her career, the severity of threats received from a particularly violent criminal prompted her to leave her hometown and relocate her family to another part of New Jersey.  Officer DOE-2 did not request any security freeze from LexisNexis.

33.     On January 19, 2024, LexisNexis replied to Officer DOE-2 via email and acknowledged her Daniel's Law request and replied that it had been processed.  In that same email, LexisNexis stated that a security freeze "will be placed on your file."  Officer DOE-2 then received a physical letter in the mail from LexisNexis, stating that a security freeze had been placed on his file, and that an identity theft had been reported under N.J.S.A. 56:11-44, et seq., similar to the letter sent to Officer DOE-1.

34.     Defendants froze Officer DOE-2's credit report and misreported an identity theft under N.J.S.A. 56:11-44, et seq., as Defendants did with Officer DOE-1 and other Class Members. This immediately caused Officer DOE-2 to fear for her financial stability and her ability to access credit in case of emergency, a fear confirmed by LexisNexis's own credit freeze letter to her:

## LexisNexis®

▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

Dear ▮▮▮▮▮▮▮▮▮▮

RE: Security Freeze Confirmation

Thank you for your request to place a security freeze on your file with LexisNexis Risk Solutions, ("LexisNexis") as provided by law in your state of residence. This letter is to confirm that a security freeze has been placed on your file.

Security freezes will be placed based on your state of residency and the customers use case. Based on this information, LexisNexis may not release your report(s) or score(s) derived for those use cases. You should be aware that applying a security freeze to your file may delay, interfere with, or prohibit the timely approval of applications you make for items such as credit, benefits, or insurance underwriting. <u>WARNING TO PERSONS SEEKING A CREDIT FREEZE AS PERMITTED BY THE CREDIT REPORT PROTECTION ACT: YOU MAY BE DENIED CREDIT AS A RESULT OF A FREEZE PLACED ON YOUR CREDIT FILE.</u> A security freeze does not apply to certain users of consumer reports, including those with whom you already have an existing account. These users request your file for the purpose of reviewing that account.

This security freeze is being placed on your file pursuant to the security freeze laws in your state of residence, NJ, specifically, N.J. Stat. Ann. § 56:11-30, 56:11-46, 13:45F-2.1 through 13:45F-2.7, 13:45F-5.1 as of the date of this letter.If your state of residence changes, please notify LexisNexis at the number below and request an update to the applicability of your security freeze.This security freeze will remain in place indefinitely until you decide to temporarily or permanently remove the security freeze.Below you will find a unique Personal Identification Number(PIN) that you will need in the event that you choose to temporarily or permanently remove the security freeze.

▮▮▮▮▮▮

Should you wish to remove your security freeze, you must contact us and provide proper identification and your PIN number.

Please note that LexisNexis does not charge for security freezes.

If you have any further questions, you may contact the LexisNexis Consumer Center via email at consumer.documents@LexisNexisRisk.com or by phone at 800-456-1244. The LexisNexis Consumer Center's hours of operation are Monday – Friday from 8:00 A.M. to 7:00 P.M. Eastern Time. In an effort to protect your privacy and deliver prompt service, please have your Consumer Number (located at the top of this letter) accessible when you call our support number.

LexisNexis Consumer Center
Attn: Security Freeze
P.O. Box 105108
Atlanta, GA 30348-5108

Total Pages  1 of 6                    Page 1

As with Officer DOE-1, Officer DOE-2 did not request a credit freeze on her consumer credit

report or report any identity theft.

35.     Due to her multiple sclerosis, Officer DOE-2 requires unfettered access to sophisticated and expensive treatments to moderate her medical condition on a daily basis.  To maintain unfettered access to these treatments, Officer DOE-2 requires equally unfettered access to credit on an ongoing basis.  Defendants knew that their freezing of credit can cause such havoc on the lives of Plaintiffs and others, as demonstrated by the contents of the credit freeze response letters from Defendants.

36.     Also due to her multiple sclerosis, Officer DOE-2 has a limited capacity to deal with unwarranted mental and emotional stress. Mental and emotional stress increases Officer DOE-2's risk of relapses, flare-ups, and exacerbations of multiple sclerosis's most debilitating effects.  Officer DOE-2 spent hours helping another "covered person" lift their own unwanted credit freeze, by responding to LexisNexis' unremitting requests for additional verification – including a trip to the local library to use a high-grade scanner after LexisNexis rejected clear photographs of identity documents taken from their phones.  Given her serious medical condition, Officer DOE-2 feels that the stress of having to repeat that process in an attempt to unfreeze her own credit file – especially when there is no guarantee of success - would have an immediate and detrimental impact on her health.

37.     Thousands of other similarly situated individuals have sent correspondences directly to LexisNexis demanding that LexisNexis lift the unlawful and unauthorized security freeze.  Further, hundreds of Plaintiffs called LexisNexis directly, including LexisNexis's call center, requesting that LexisNexis lift the illegal freeze.

38.     To date, Defendants continue their attempts to undermine Daniel's Law and chill the exercise of its critical privacy rights, by insisting on the credit freeze and misreporting an identity theft, for anyone who sent them a Daniel's Law request.

39.     Defendants intend to keep some of the unauthorized security freezes in place to coerce Plaintiffs into abandoning their claims for redress under Daniel's Law.  And to date, Plaintiffs are not aware of Defendants correcting their disparaging statements regarding how Plaintiffs allegedly suffered identity thefts – if that damage can ever be repaired at all.

### Plaintiffs Meet Rule 4:32's Requirements for Certification as a Class

40.     Plaintiffs JOHN DOE-1 and JANE DOE-2 seek to represent two classes of "covered persons" under New Jersey's Daniel's Law:

    a.  **Class 1:** Persons who submitted a written Daniel's Law request to cease the disclosure of their home address or unpublished home telephone number, upon whom Defendants thereafter imposed a credit freeze.

    b.  **Class 2:** Persons who submitted a written Daniel's Law request to cease the disclosure of their home address or unpublished home telephone number, upon whom Defendants thereafter reported the request as a request pursuant to N.J.S.A. 56:11-44, et seq., to a third party.

41.     The two classes consist of at least 18,000 members each; accordingly, the classes are so numerous that joinder of all members is impracticable.

42.     Questions of law or fact are common to the classes. Common legal questions include: (a) whether Defendants intended to place unauthorized freezes on the Class Members' consumer reports, including pursuant to N.J.S.A. 56:11-44, et seq., to a third party, and (b) whether

Defendants intended to interfere with Class Members' existing and prospective contractual relationships with third parties.

43.     The claims or defenses of the representative parties are typical of the claims or defenses of the classes in that: (a) all the representative parties are "covered persons" under Daniel's Law, (b) all were subjected to Defendants' unauthorized credit freezes and misreporting of identity theft in retaliation for their efforts to bring Defendants into compliance with Daniel's Law, and (c) all are exposed to the same harm of obstructed access to credit and false reporting of an identity theft.

44.     The representative parties will fairly and adequately protect the interests of the class because their interests are aligned in that the harm caused by Defendants' actions.  Additionally, the representative parties have retained counsel with substantial experience litigating both such class actions.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because without a class action most class members would find the cost of litigating their claims to be prohibitively high and they would accordingly be left with no effective remedy at law or equity and would continue to incur damages. A class action is also superior because it will conserve the resources of both the courts and the litigants while promoting consistency in the adjudication of the class's claims.

**Defendants, ROES, and ABC Companies**

46.     Defendant LexisNexis Risk Data Management, LLC is an entity that provides data-brokering and credit-reporting services and is an entity involved in the violations described in this Complaint.

20

47.     Defendants Richard ROES 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts to conceal the specific entities involved in and jointly responsible for Defendants' actions.

48.     Plaintiffs are informed, and on that basis allege, that some of these ROES and ABC Companies may be data-industry, advertisement-industry, and other interest-based/self-regulatory organizations, who are mobilizing and coordinating their members to continue harming and exacting retribution on the judges, prosecutors, and law enforcement officers seeking protections under Daniel's Law.  Such concerted efforts may include punishing "covered persons" for sending further nondisclosure requests, including by perpetuating credit freezes and reporting instances of "identity theft" that were never requested or reported by the persons themselves.

49.     These ROES and ABC Companies may also include other consumer reporting agencies, who also know that Plaintiffs never requested a credit freeze or reported an identity theft, but whom nevertheless are perpetuating a fraud and intimidation campaign to further industry financial interests, instead of the very important safety of the public servants of this State and their families.

## JURISDICTION AND VENUE

50.     This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, the unlawful actions complained of herein occurred in New Jersey, and this Court has jurisdiction to hear the claims brought.

51.     Venue is proper pursuant to <u>R.</u> 4:3-2, in that Bergen County is the county in which one or more of the parties reside and/or conduct business.  In addition, many of the events giving rise to this action occurred in this County.

**CLAIMS AGAINST DEFENDANTS**

**COUNT ONE**

**VIOLATION OF N.J.S.A. 56:11-46 OF THE NJ IDENTITY THEFT PROTECTION ACT**

The allegations of the Complaint set forth above are included herein as if set forth at length.

52.     Upon receiving Plaintiffs' requests that Defendants comply with Daniel's Law, Defendants placed security freezes on Plaintiffs' consumer credit reports, in addition to misreported identity thefts.  In so doing, Defendants cited to <u>N.J.S.A.</u> 56:11-44, et seq., otherwise known as the New Jersey Identity Theft Protection Act.

53.     At no point did Plaintiffs authorize Defendants to place security freezes on their consumer credit reports.  And at no point did Plaintiffs report an identity theft.

54.     <u>N.J.S.A.</u> 56:11-46 only permits Defendants to place credit freezes upon "a request" by the consumer.  See <u>N.J.S.A.</u> 56:11-46(a).  No provisions of the Identity Theft Protection Act authorize Defendants to place a credit freeze in response to a Daniel's Law request.

55.     For any violations of <u>N.J.S.A.</u> 56:11-46, Defendants are civilly liable to Plaintiffs pursuant to <u>N.J.S.A.</u> 56:11-50.

56.     As a result of Defendants' willful failure to comply with the Identity Theft Protection Act, Plaintiffs have suffered damages.

57.     Defendants' deliberate and willful scheme to use unauthorized credit freezes as a cudgel against covered persons who would assert their rights under Daniel's Law is precisely the

sort of egregious conduct that warrants the award of punitive damages under <u>N.J.S.A.</u> 56:11-44, et seq.

## **COUNT TWO**

### **INTENTIONAL INTERFERENCE WITH CONTRACTUAL OR PROSPECTIVE RELATIONS**

The allegations of the Complaint set forth above are included herein as if set forth at length.

58.     Upon receiving Plaintiffs' requests that Defendants comply with Daniel's Law, Defendants placed security freezes on Plaintiffs' consumer credit reports, in addition to misreported identity thefts.

59.     In the correspondences to Plaintiffs informing them of the credit freeze and alleged identity theft, Defendants readily acknowledged that, "You should be aware that…a security freeze to your file may delay, interfere with, or prohibit the timely approval of applications you make for items such as credit, benefits, or insurance underwriting.  YOU MAY BE DENIED CREDIT AS A RESULT OF A FREEZE PLACED ON YOUR CREDIT FILE."

60.     At no point did Plaintiffs authorize Defendants to place security freezes on their consumer credit reports.

61.     When Defendants placed the credit freezes on Plaintiffs and reported identity thefts, Defendants knew that Plaintiffs had existing financial and health arrangements and contracts in place, and prospective relationships in the future, such that a credit freeze or misreported identity theft can seriously impair each of these relationships and cause each of the Plaintiffs significant detriment.

62.     As a result of Defendants' willful interferences, Plaintiffs have suffered damages.

## COUNT THREE

### RULE 32(b)(2) DECLARATORY RELIEF

63.     In addition to the above, Plaintiffs bring this class action pursuant to <u>R.</u> 4:32-1(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the classes, such that final declaratory relief is appropriate with respect to the class as a whole.

64.     Plaintiffs and class members seek a declaration that:

  i.   Defendants' actions in placing unauthorized security freezes in response to requests made pursuant to Daniel's Law are unlawful;

  ii.  Defendants' actions in reporting an identity theft pursuant to <u>N.J.S.A.</u> 56:11-44, et seq. are unlawful;

  iii. Defendants' actions in failing to remove the unauthorized security freezes as requested are unlawful.

## PRAYER

WHEREFORE, Plaintiffs request that the Court certify Plaintiffs' Class 1 and Class 2, pursuant to <u>R.</u> 4:32-2;

FURTHER, Plaintiffs request that Judgment for the certified Classes be entered against Defendants as follows:

A.  Awarding actual damages, which may consist of any combination of compensatory damages, consequential damages, restitution, and/or return of unjust enrichment;

B.  Awarding an additional amount in punitive damages, to be determined by the Court, for intentional and malicious conduct as allowed under New Jersey law;

C.  Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

D.  Declaratory relief, as requested by Plaintiffs in Count Three;

E.  Entering equitable or other permanent injunctive relief requiring Defendants to comply with New Jersey laws; and

F.  Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

**GENOVA BURNS LLC**

Dated: March 4, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh
Kathleen Barnett Einhorn
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
*Attorneys for Plaintiffs*

**BOIES SCHILLER FLEXNER LLP**
James Lee
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

Beko Reblitz-Richardson
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
brichardson@bsfllp.com

Adam Shaw
30 South Pearl Street, 12th Floor
Albany, NY 12207
Tel.: (518) 434-0600
ashaw@bsfllp.com

Melissa Zonne
Samantha Parrish
2029 Century Park East
Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
mzonne@bsfllp.com
sparrish@bsfllp.com

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
Ryan J. McGee
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

(*pro hac vice motions to be filed*)

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rajiv

D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**GENOVA BURNS LLC**

Dated: March 4, 2024                    By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated. Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

**GENOVA BURNS LLC**

Dated: March 4, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.


## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to Rule 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

**GENOVA BURNS LLC**

Dated: March 4, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-001367-24**

**Case Caption:** DOE 1 JANE  VS LEXISNEXIS RISK DATA MANAGE

**Case Initiation Date:** 03/04/2024

**Attorney Name:** RAJIV D PARIKH

**Firm Name:** GENOVA BURNS LLC

**Address:** 494 BROAD ST 6TH FL

NEWARK NJ 07102

**Phone:** 9735330777

**Name of Party:** PLAINTIFF : DOE 1, JANE

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** OTHER New Jersey Identity Theft Protection Act

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: JANE DOE 1? NO**

**Are sexual abuse claims alleged by: JANE DOE 2? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/04/2024

Dated

/s/ RAJIV D PARIKH

Signed