# EXHIBIT A

---

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

---

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0216-23

CHARLES KRATOVIL,

     Plaintiff-Appellant,

v.

CITY OF NEW BRUNSWICK and
ANTHONY A. CAPUTO, in his
capacity as Director of Police,

     Defendants-Respondents.

_____

Argued January 29, 2024 – Decided April 26, 2024

Before Judges Gilson, DeAlmeida, and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3896-23.

Alexander R. Shalom argued the cause for appellant (American Civil Liberties Union of New Jersey Foundation, attorneys; Alexander R. Shalom and Jeanne M. LoCicero, on the briefs).

Susan K. O'Connor argued the cause for respondents (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Susan K. O'Connor, of counsel and on the

brief; Roland Rachel-Leigh Adelman, Christy Leigh Cushing, Michael V. Manning, and Niki A. Waters, on the brief).

Vito Anthony Gagliardi, Jr., argued the cause for amicus curiae New Jersey State Association of Chiefs of Police (Porzio, Bromberg & Newman, PC, attorneys; Vito Anthony Gagliardi, Jr., of counsel; David Lawrence Disler and Thomas J. Reilly, on the brief).

Richard Joseph De Fortuna argued the cause for amicus curiae New Jersey State Lodge of the Fraternal Order of Police (Markowitz & Richman, attorneys; Matthew D. Areman and Richard Joseph De Fortuna, on the brief).

Paul Lewis Kleinbaum argued the cause for amicus curiae New Jersey State PBA (Zazzali PC, attorneys; Paul Lewis Kleinbaum and Sheila Murugan, on the brief).

Randolph E. Mershon, III, argued the cause for amicus curiae County Prosecutors Association of New Jersey (County Prosecutors Association of New Jersey, attorneys; Joseph B. Paravecchia and Laura C. Sunyak, of counsel; Randolph E. Mershon III, of counsel and on the brief).

Robert Rudden Cannan argued the cause for amicus curiae State Troopers Fraternal Association of New Jersey (Markman & Cannan, attorneys; Robert Rudden Cannan, on the brief).

Frank L. Corrado argued the cause for amicus curiae Reporters Committee for Freedom of the Press (Barry, Corrado & Grassi, Katie Townsend (Reporters Committee for Freedom of the Press) of the California, New York, and District of Columbia bars, admitted pro

A-0216-23

hac vice, Mara Gassmann (Reporters Committee for Freedom of the Press) of the Virginia and District of Columbia bars, admitted pro hac vice, and Julia Dacy (Reporters Committee for Freedom of the Press) of the District of Columbia bar, admitted pro hac vice, attorneys; Frank L. Corrado, Katie Townsend, Mara Gassmann, and Julia Dacy, on the brief).

PER CURIAM

Plaintiff Charles Kratovil, who writes for and edits an online publication, brought an as-applied constitutional challenge to Daniel's Law, N.J.S.A. 56:8-166.1; N.J.S.A. 2C:20-31.1. Daniel's Law provides, among other things, that upon notice, a person shall not disclose the home addresses of certain public officials, including judges, prosecutors, and law enforcement personnel.

Defendants the City of New Brunswick (the City) and Anthony Caputo, the former Director of the City's Police Department, notified plaintiff that he should not re-publish Caputo's home address. Plaintiff appeals from an order dismissing his complaint and denying his request for injunctions prohibiting defendants from applying Daniel's Law to him if he re-publishes Caputo's home address. Because Daniel's Law as applied to plaintiff in these circumstances does not violate his constitutional rights of free speech and free press, we affirm.

I.

The material facts are not in dispute.  We discern those facts from plaintiff's complaint and the record on plaintiff's motion for injunctive relief. Because the trial court also dismissed plaintiff's complaint, we view the facts in the light most favorable to plaintiff.  See Smerling v. Harrah's Ent., Inc., 389 N.J. Super. 181, 186 (App. Div. 2006).

Plaintiff is a journalist who writes for and edits New Brunswick Today, an online publication.  As the name of the publication suggests, it focuses on local news about the City.

Defendant Caputo is a retired police officer who then became Director of the City's Police Department.  Caputo was also a Commissioner of the City's Parking Authority.  He served in both those positions through 2023 and retired from those positions in early 2024.

In 2023, plaintiff noted that Caputo was not attending City Council meetings, nor was he regularly attending Parking Authority meetings in person. On March 14, 2023, plaintiff sent Caputo an email asking if Caputo still lived in the City.  The Deputy Director of Police responded on Caputo's behalf, stating, in relevant part:  "The public release of a law enforcement officer's place of residence is protected under Daniel's Law."

A-0216-23

Plaintiff came to believe that Caputo was living in Cape May.  To confirm that belief, plaintiff filed a request under the Open Public Records Act (the OPRA), N.J.S.A. 47:1A-1 to -13, with the Cape May County Board of Elections (the Cape May Board), requesting Caputo's voter profile.  Initially, the Cape May Board provided a redacted version of Caputo's voting profile to plaintiff in March 2023.  After follow-up communications from plaintiff, in April 2023, the Cape May Board produced a voter profile with fewer redactions.  That voter profile included Caputo's home address.

At meetings of the City's Parking Authority and the City Council conducted on March 22, 2023 and April 5, 2023, respectively, plaintiff asked if Caputo still lived in the City.  Neither Caputo nor anyone else from the City definitively responded to plaintiff's question.

On May 3, 2023, plaintiff attended another City Council meeting.  The City and plaintiff separately recorded that meeting.  During the public comment portion of the meeting, plaintiff discussed Caputo's change of residence, that Caputo's residence in Cape May was approximately a two-hour drive from the City, and that Caputo was serving on the City's Parking Authority even though he was a non-resident.  During that discussion, plaintiff stated the street name in Cape May where Caputo was registered to vote.  He also provided City

A-0216-23

Council members with copies of Caputo's voter profile, which included Caputo's complete home address.

On May 15, 2023, plaintiff received a letter notifying him that Caputo was invoking Daniel's Law to prevent re-publication of his home address. That letter stated:

> On Wednesday, May 3, 2023, you published and/or announced my home address at a public meeting of the New Brunswick City Council. Kindly accept this letter [as] a written notice as required by [Daniel's Law].
>
> Pursuant to N.J.S.A. 2C:20-31.1 and N.J.S.A. 56:8-166.1, and as an authorized and otherwise covered person whose home address and unpublished home telephone number are not subject to disclosure, I do hereby request that you cease the disclosure of such information and remove the protected information from the internet or where otherwise made available.
>
> I trust you will be guided accordingly.

On July 12, 2023, plaintiff filed a verified complaint and order to show cause seeking temporary and permanent restraints. Plaintiff stated that he planned to publish an article about Caputo living in Cape May, which would include Caputo's home address. So, plaintiff sought a declaration that Daniel's Law was unconstitutional as applied to his intended publication. He also sought preliminary and permanent injunctions prohibiting defendants from seeking to impose civil or criminal sanctions on him if he published Caputo's home address.

A-0216-23

Finally, plaintiff sought attorney's fees and costs under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2.

In accordance with <u>Rule</u> 4:28-4, plaintiff provided notice to the New Jersey Attorney General that he was constitutionally challenging Daniel's Law. Eventually, the Attorney General declined to intervene in this case. In a letter submitted to the trial court, the Attorney General explained that although he had an interest in defending Daniel's Law from a facial constitutional challenge, he deemed plaintiff's actions to be an as-applied challenge, which was limited to the specific facts of this case. In that regard, the Attorney General stated: "Plaintiff's entire theory rests on his factual assertions that he obtained the underlying information lawfully, that the information is otherwise still available, and that he is a journalist who wishes to publish that information in a story relating to a high-level official's residency."

After plaintiff amended his complaint, the trial court issued an order directing defendants to show cause why they should not be enjoined. On September 21, 2023, the trial court heard arguments on plaintiff's application. At the end of arguments, the court announced its decision on the record and

A-0216-23

denied all relief requested by plaintiff. The court also dismissed plaintiff's complaint. That same day, the court issued an order memorializing its rulings.[1]

In explaining its decision, the trial court found that plaintiff had obtained Caputo's home address lawfully through an OPRA request to the Cape May Board. Accordingly, the trial court rejected defendants' argument that plaintiff had illegally or improperly obtained the information by misleading the Cape May Board into disclosing Caputo's home address.

Turning to the substance of plaintiff's constitutional challenge, the trial court reasoned that plaintiff was a journalist and that the distance between where Caputo lived and where he worked was a matter of public concern. The court held, however, that the relevant information was that Caputo lived in Cape May, and that his exact street address was not a matter of public concern. The court then held that Daniel's Law was constitutional as applied to plaintiff's situation because the law was narrowly tailored to achieve a governmental interest of the highest order: protecting State officials from potential acts of violence and harassment.

_____

[1] The trial court took the proposed order submitted by plaintiff, stamped "DENIED" on that order, and crossed out the various provisions of relief sought by plaintiff. The order was entitled, "FINAL ORDER." We note that it would have been a better practice for the court to have prepared its own order setting forth its rulings.

A-0216-23

Following the trial court's ruling, plaintiff sought appellate emergent relief. Both we and the Supreme Court denied plaintiff's request, but the Supreme Court directed that the appeal "should proceed expeditiously to the extent practicable." Thereafter, we granted plaintiff's application to accelerate this appeal.

## II.

On appeal, plaintiff argues that Daniel's Law is unconstitutional as applied to his intention to publish Caputo's home address because he obtained that address lawfully and it is a matter of public concern. He argues that Daniel's Law as applied to his intended publication is not narrowly tailored and does not protect "a need of the highest order." In making those arguments, plaintiff relies on the United States Supreme Court's decision in <u>Smith v. Daily Mail Publishing Co.</u>, 443 U.S. 97 (1979), and a line of cases applying the principle announced in that decision.

The Reporters Committee for Freedom of the Press and several other media organizations filed an amicus brief in support of plaintiff's position. Those amici argue that applying Daniel's Law to plaintiff's publication of Caputo's home address would be an unconstitutional prior restraint on speech and would punish the publication of lawfully obtained truthful information about

A-0216-23

a matter of public concern.  Those amici also argue that application of Daniel's Law to plaintiff will stifle journalism.  Finally, they contend that the trial court's ruling effectively infringed on the constitutionally protected exercise of plaintiff's editorial discretion.

In response, defendants argue that Daniel's Law did not and will not impinge on plaintiff's First Amendment rights because Caputo's exact home address is not a matter of public concern.  They also argue that Daniel's Law is constitutional because it protects a State interest of the highest order and is narrowly tailored.

Several law enforcement organizations filed amicus briefs supporting defendants' positions.  Those amici include the New Jersey State Association of Chiefs of Police, the New Jersey State Lodge of the Fraternal Order of Police, the County Prosecutors Association of New Jersey, the State Troopers Fraternal Association of New Jersey, and the New Jersey State Policemen's Benevolent Association.   The amici law enforcement associations echo defendants' arguments that Daniel's Law supports a compelling government interest in protecting the safety of certain government officials and their families.  They also argue that Caputo's precise home address is private and should not be subject to the same free speech protections as matters of public concern.

10

We review these issues de novo. When a matter implicates First Amendment freedoms, appellate courts "'make an independent examination of the whole record,' to ensure that 'the judgment does not constitute a forbidden intrusion on the field of free expression.'" Ward v. Zelikovsky, 136 N.J. 516, 536-37 (1994) (quoting Milkovich v. Lorain J. Co., 497 U.S. 1, 17 (1990)); see also Rutgers 1000 Alumni Council v. Rutgers, 353 N.J. Super. 554, 567 (App. Div. 2002) (explaining that First Amendment cases require a de novo review). Moreover, the trial court essentially treated the motion as a motion to dismiss because, after denying plaintiff's request for injunctive relief, the court dismissed plaintiff's complaint. We, therefore, review that dismissal de novo. See Doe v. Est. of C.V.O., 477 N.J. Super. 42, 54 (App. Div. 2023).

To put plaintiff's as-applied constitutional challenge in context, we summarize Daniel's Law and the relevant constitutional protections afforded to free speech and free press.

A.    Daniel's Law.

Daniel's Law was enacted by the Legislature and signed into law by the Governor on November 20, 2020. L. 2020, c. 125, §§ 5-6. The law was named for Daniel Anderl, the son of United States District Court Judge Esther Salas. In 2020, a disgruntled attorney went to Judge Salas' home and shot and killed

11

Daniel.  The assailant also severely wounded Judge Salas' husband.  The assailant had found Judge Salas' home address on the internet.

Daniel's Law is intended to prevent further attacks on certain government officials and their families.  It prohibits the disclosure of residential addresses and personal phone numbers of "covered persons," including active and retired judges, prosecutors, and law enforcement officials.  N.J.S.A. 56:8-166.1(d); N.J.S.A. 2C:20-31.1(a).  Moreover, Daniel's Law provides that on notice, a person, business, or association shall not disclose or re-disclose the home address or telephone number of a covered person.  N.J.S.A. 56:8-166.1(a)(1). Daniel's Law imposes civil penalties for violations, including $1,000 per violation, punitive damages, and attorney's fees.  N.J.S.A. 56:8-166.1(c).  In addition, a "reckless violation of [Daniel's Law] is a crime of the fourth degree," and a "purposeful violation of [Daniel's Law] is a crime of the third degree." N.J.S.A. 2C:20-31.1(d).

B.    The First Amendment.

The First Amendment, which applies to the states through the Fourteenth Amendment, provides that governments shall not make any law "abridging the freedom of speech."  U.S. Const. amend. I.  In protecting free speech, the New Jersey Constitution declares:  "Every person may freely speak, write and publish

A-0216-23

his [or her] sentiments on all subjects, being responsible for the abuse of that right.  No law shall be passed to restrain or abridge the liberty of speech or of the press."  N.J. Const. art. I, ¶ 6.

In a line of cases, the United States Supreme Court has repeatedly held that "if a newspaper lawfully obtains truthful information about a matter of public significance[,] then state officials may not constitutionally punish publication of the information, absent a need to further a state interest of the highest order."  Daily Mail, 443 U.S. at 103; see also Fla. Star v. B.J.F., 491 U.S. 524, 533 (1989) (quoting Daily Mail and reaffirming that principle).  In Daily Mail, the Court held that the criminal indictment of two newspapers was unconstitutional under a state statute that forbid newspapers from publishing the name of any youth charged as a juvenile offender.  443 U.S. at 105-06.  The newspapers had learned of a shooting by monitoring a police radio frequency and had obtained the juvenile's name from witnesses and law enforcement personnel.  Id. at 99.  The Court explained "that state action to punish the publication of truthful information seldom can satisfy constitutional standards."  Id. at 102.

The Supreme Court has applied the principle articulated in Daily Mail in a line of cases decided both before and after the Daily Mail decision.  See Cox

Broad. Corp. v. Cohn, 420 U.S. 469 (1975) (finding it unconstitutional to hold a broadcasting company civilly liable where a television station owned by the company had broadcasted the name of a rape-murder victim, which the station had obtained from courthouse records); Okla. Publ'g Co. v. Dist. Ct. in and for Okla. Cnty., 430 U.S. 308 (1977) (declaring unconstitutional a state court's pretrial order enjoining the media from publishing the name or photograph of an eleven-year-old boy in connection with a juvenile proceeding involving that child, which reporters had attended); Fla. Star, 491 U.S. at 532 (holding unconstitutional damages imposed on a newspaper for publishing the name of a rape victim in violation of a state statute when the newspaper had obtained the victim's name from a publicly released police report).

In establishing and reiterating the Daily Mail principle, the Supreme Court has been careful to base each of its decisions on the facts of the case before it. See Daily Mail, 443 U.S. at 105 (explaining that the Court's holding in that case was "narrow").  In that regard, the Court has explained that its rulings were based on the facts of the cases, and it has "eschewed" pronouncing broad rules. Fla. Star, 491 U.S. at 532-33.

The Court has also declined to decide whether a state's prohibition of the publication of private information is necessarily a prior restraint.  See Daily

14

A-0216-23

<u>Mail</u>, 443 U.S. at 101-02.  Nevertheless, the Court has reasoned that resolution of these types of cases does not depend on whether a prior restraint was imposed. <u>Id.</u> at 101.  Instead, the Court has held that First Amendment protections "reach[] beyond prior restraints" and that the relevant issue is whether the statute imposes a sanction on the publication of lawfully obtained truthful information.  <u>Id.</u> at 101-02.  Penalizing publication of lawfully obtained "truthful information about a matter of public significance" is only constitutional when the state is protecting a compelling state interest or has "a need to further a state interest of the highest order."  <u>Id.</u> at 103; <u>see also</u> <u>Fla. Star</u>, 491 U.S. at 536-37.

      C.    Application of the Law to the Facts of This Case.

The undisputed facts of this case establish that plaintiff's First Amendment rights have not been violated.  All parties agree, and the record confirms, that the matter of public concern was that Caputo lived in Cape May while serving as the City's Director of Police and a Commissioner of the City's Parking Authority.  In responding to plaintiff's complaint, defendants conceded, and the trial court subsequently held, that plaintiff always had the right to publish that Caputo lived in Cape May, which was a substantial distance from the City, without being subject to Daniel's Law sanctions.  We agree with the trial court's determination that in light of plaintiff's ability to publish that Caputo lived in

A-0216-23

Cape May without fear of sanction, he was not entitled to injunctive relief.  The trial court's conclusion that Caputo's exact street address is not a matter of public concern is supported by the record and consistent with the law.  In that regard, we also agree with the trial court that protecting public officials from violent attacks and harassment is a compelling State interest of the highest order.  Consequently, given the facts of this case, the trial court correctly determined that plaintiff was not entitled to injunctive relief.

Neither the City nor Caputo imposed a prior restraint on plaintiff.  Indeed, the only notice concerning Daniel's Law came on behalf of Caputo.  Caputo did not enjoin plaintiff from publishing his home address.  Instead, he pointed out that if plaintiff proceeded to publish the home address, plaintiff would be subject to civil penalties and potentially criminal penalties.  Obviously, Caputo, as the City's then-Director of Police, could not impose civil or criminal penalties. Instead, those penalties would have to be imposed by a court.  See N.J.S.A. 56:8-166.1(b) to (c); N.J.S.A. 2C:20-31.1(d).

There is a commonsense resolution to this as-applied challenge to Daniel's Law.  Plaintiff was not prohibited from discussing or publishing the matter of public concern; that is, that Caputo, then a high-ranking City official, lived in Cape May, a substantial distance from the City.  He was warned not to publish

A-0216-23

the specific street name and number because that publication might violate Daniel's Law. No penalty was imposed, and no prior court-ordered injunction was issued.

We reject the argument that there was a chilling effect or an unconstitutional editing by the trial court. The amici supporting plaintiff's position argue that the trial court effectively infringed on plaintiff's editorial discretion by not enjoining any potential sanctions under Daniel's Law if plaintiff published Caputo's specific address. They point out that the United States Supreme Court has held that the First Amendment prohibits government from "tampering, in advance of publication, with news and editorial content." Mia. Herald Publ'g Co. v. Tornillo, 418 U.S. 241, 259 (1974) (White, J., concurring). They argue that "neither defendants nor the court should determine that a city or street name—rather than a home address—suffices to fully report a story like the one [plaintiff] is pursuing."

The trial court, however, did not tell plaintiff what he could or could not publish. Instead, the trial court ruled on the issue before it and denied plaintiff's request for temporary and permanent injunctive relief against defendants. In that regard, the trial court stated that the publication of the town where Caputo lived was a matter of public concern, but Caputo's specific street address was

A-0216-23

not.  The trial court did not, however, enjoin or restrain plaintiff from publishing a story about where Caputo lived while he was a City official.  In other words, in denying plaintiff's request for injunctive relief, the trial court did not direct how plaintiff should act in the future.  Therefore, plaintiff can evaluate Daniel's Law and decide how he will proceed.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

18

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


ATLAS DATA PRIVACY           :           CIVIL ACTION
CORPORATION, et al.          :
                             :
         v.                  :
                             :           NO. 24-3993
BLACKBAUD, INC., et al.      :

---

ATLAS DATA PRIVACY           :           CIVIL ACTION
CORPORATION, et al.          :
                             :
         v.                  :
                             :           NO. 24-3998
WHITEPAGES, INC., et al.     :

---

ATLAS DATA PRIVACY           :           CIVIL ACTION
CORPORATION, et al.          :
                             :
         v.                  :
                             :           NO. 24-4000
HIYA, INC., et al.           :

---

ATLAS DATA PRIVACY           :           CIVIL ACTION
CORPORATION, et al.          :
                             :
         v.                  :
                             :           NO. 24-4037
WE INFORM, LLC, et al.       :

---

ATLAS DATA PRIVACY           :           CIVIL ACTION
CORPORATION, et al.          :
                             :
         v.                  :
                             :           NO. 24-4041
INFOMATICS, LLC, et al.      :

---

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4045
THE PEOPLE SEARCHERS, LLC,      :
et al.                          :
```

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4073
COMMERCIAL REAL ESTATE          :
EXCHANGE, INC., et al.          :
```

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4075
DM GROUP, INC., et al.          :
                                :
```

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4077
CARCO GROUP INC., et al.        :
```

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4080
DELUXE CORPORATION, et al.      :
```

```
ATLAS DATA PRIVACY                :              CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :              NO. 24-4095
TWILIO INC., et al.               :
```

---

```
ATLAS DATA PRIVACY                :              CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :              NO. 24-4096
DELVEPOINT, LLC, et al.           :
```

---

```
ATLAS DATA PRIVACY                :              CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :              NO. 24-4098
QUANTARIUM ALLIANCE, LLC,         :
et al.                            :
```

---

```
ATLAS DATA PRIVACY                :              CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :              NO. 24-4103
YARDI SYSTEMS, INC., et al.       :
```

---

```
ATLAS DATA PRIVACY                :              CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :              NO. 24-4104
6SENSE INSIGHTS, INC.,            :
et al.                            :
```

---

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : | NO. 24-4105 |
| LIGHTBOX PARENT, L.P., et al. | : |  |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : | NO. 24-4106 |
| SEARCH QUARRY, LLC, et al. | : |  |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : | NO. 24-4107 |
| ACXIOM, LLC, et al. | : |  |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : | NO. 24-4110 |
| ENFORMION, LLC, et al. | : |  |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : | NO. 24-4111 |
| COSTAR GROUP, INC., et al. | : |  |

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4112
ORACLE INTERNATIONAL            :
CORPORATION, et al.             :
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4113
RED VIOLET, INC., et al.        :
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4114
RE/MAX, LLC, et al.             :
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4141
DIGITAL SAFETY PRODUCTS,        :
LLC, et al.                     :
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4143
CIVIL DATA RESEARCH             :
```

-5-

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4160 |
| SCALABLE COMMERCE, LLC, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4168 |
| EPSILON DATA MANAGEMENT, LLC, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4171 |
| PEOPLE DATA LABS, INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4174 |
| LABELS & LISTS, INC | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4175 |
| CLARITAS, LLC, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4176 |
| INNOVIS DATA SOLUTIONS INC.,<br>et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4178 |
| ACCURATE APPEND, INC.,<br>et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4181 |
| DATA AXLE, INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4182 |
| REMINE INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4184 |
| LUSHA SYSTEMS, INC, et al. | : | |

-7-

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
            v.                  :
                                :              NO. 24-4217
TELTECH SYSTEMS, INC.,          :
et al.                          :
```

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
            v.                  :
                                :              NO. 24-4227
PEOPLECONNECT, INC., et al.     :
```

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
            v.                  :
                                :              NO. 24-4230
CORELOGIC, INC., et al.         :
```

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
            v.                  :
                                :              NO. 24-4233
BLACK KNIGHT TECHNOLOGIES,      :
LLC, et al.                     :
```

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
            v.                  :
                                :              NO. 24-4256
ZILLOW, INC., et al.            :
```

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4261 |
| EQUIMINE, INC., et al. | : | |

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4269 |
| THOMSON REUTERS CORPORATION,<br>et al. | : | |

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4271 |
| CHOREOGRAPH LLC, et al. | : | |

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4288 |
| TRANSUNION, LLC., et al. | : | |

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4292 |
| MELISSA DATA CORP., et al. | : | |

---

ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
         v.                       :
                                  :          NO. 24-4298
EQUIFAX INC., et al.              :

---

ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
         v.                       :
                                  :          NO. 24-4299
SPOKEO, INC, et al.               :

---

ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
         v.                       :
                                  :          NO. 24-4324
RESTORATION OF AMERICA,           :
et al.                            :

---

ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
         v.                       :
                                  :          NO. 24-4345
i360, LLC, et al.                 :

---

ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
         v.                       :
                                  :          NO. 24-4354
TELNYX LLC, et al.                :

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4380 |
| GOHUNT, LLC, et al. | : | |

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4383 |
| ACCUZIP, INC., et al. | : | |

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4385 |
| SYNAPTIX TECHNOLOGY, LLC, et al. | : | |

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4389 |
| JOY ROCKWELL ENTERPRISES, INC., et al. | : | |

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4390 |
| FORTNOFF FINANCIAL, LLC, et al. | : | |

---

-11-

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4392 |
| MYHERITAGE, LTD., et al. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4434 |
| E-MERGES.COM, INC. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4442 |
| WILAND, INC., et al. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4447 |
| ATDATA, LLC, et al. | : | |

| ATLAS DATA PRIVACY | : | |
|---|---|---|
| CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRECISELY HOLDINGS, LLC, | : | NO. 24-4571 |
| et al. | : | |

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4609
NUWBER, INC., et al.            :
```

<u>ORDER</u>

AND NOW, this 8th day of April 2024, it is hereby ORDERED that:

(1) the Court will hold a status conference as to the above actions on Thursday, April 18, 2024, at 10:00 a.m. in Courtroom No. 1, in the United States Courthouse in Camden, New Jersey.

(2) Among other issues, counsel should be prepared to discuss:

        (a)   subject matter jurisdiction;

        (b)   assignment of individual claims to Atlas;

        (c)   time to answer or otherwise respond to the complaints;

        (d)   expected defenses;

        (e)   discovery;

        (f)   scheduling, including stays and

        (g)   bellwether cases.

(3) These actions are all stayed through April 18, 2024.

BY THE COURT:


/s/   Harvey Bartle III
                                                    J.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY      :           CIVIL ACTION
CORPORATION, et al.     :
                        :
        v.              :
                        :           NO. 24-3993
BLACKBAUD, INC., et al. :
_____

ATLAS DATA PRIVACY      :           CIVIL ACTION
CORPORATION, et al.     :
                        :
        v.              :
                        :           NO. 24-3998
WHITEPAGES, INC., et al.:
_____

ATLAS DATA PRIVACY      :           CIVIL ACTION
CORPORATION, et al.     :
                        :
        v.              :
                        :           NO. 24-4000
HIYA, INC., et al.      :
_____

ATLAS DATA PRIVACY      :           CIVIL ACTION
CORPORATION, et al.     :
                        :
        v.              :
                        :           NO. 24-4037
WE INFORM, LLC, et al.  :
_____

ATLAS DATA PRIVACY      :           CIVIL ACTION
CORPORATION, et al.     :
                        :
        v.              :
                        :           NO. 24-4041
INFOMATICS, LLC, et al. :
_____

```
ATLAS DATA PRIVACY             :           CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :           NO. 24-4045
THE PEOPLE SEARCHERS, LLC,     :
et al.                         :
_____

ATLAS DATA PRIVACY             :           CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :           NO. 24-4073
COMMERCIAL REAL ESTATE         :
EXCHANGE, INC., et al.         :
_____

ATLAS DATA PRIVACY             :           CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :           NO. 24-4075
DM GROUP, INC., et al.         :
_____

ATLAS DATA PRIVACY             :           CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :           NO. 24-4077
CARCO GROUP INC., et al.       :
_____

ATLAS DATA PRIVACY             :           CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :           NO. 24-4080
DELUXE CORPORATION, et al.     :
_____
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :           NO. 24-4095
TWILIO INC., et al.             :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :           NO. 24-4096
DELVEPOINT, LLC, et al.         :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :           NO. 24-4098
QUANTARIUM ALLIANCE, LLC,       :
et al.                          :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :           NO. 24-4103
YARDI SYSTEMS, INC., et al.     :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :           NO. 24-4104
6SENSE INSIGHTS, INC.,          :
et al.                          :
```
_____

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4105
LIGHTBOX PARENT, L.P.,          :
et al.                          :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4106
SEARCH QUARRY, LLC, et al.      :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4107
ACXIOM, LLC, et al.             :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4110
ENFORMION, LLC, et al.          :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4111
COSTAR GROUP, INC., et al.      :
_____
```

```
ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4112
ORACLE INTERNATIONAL            :
CORPORATION, et al.             :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4113
RED VIOLET, INC., et al.        :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4114
RE/MAX, LLC, et al.             :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4141
DIGITAL SAFETY PRODUCTS,        :
LLC, et al.                     :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4143
CIVIL DATA RESEARCH             :
_____
```

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4160 |
| SCALABLE COMMERCE, LLC, | : | |
| et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4168 |
| EPSILON DATA MANAGEMENT, | : | |
| LLC, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4171 |
| PEOPLE DATA LABS, INC., | : | |
| et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4174 |
| LABELS & LISTS, INC | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4175 |
| CLARITAS, LLC, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4176 |
| INNOVIS DATA SOLUTIONS INC., | : | |
| et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4178 |
| ACCURATE APPEND, INC., | : | |
| et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4181 |
| DATA AXLE, INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4182 |
| REMINE INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4184 |
| LUSHA SYSTEMS, INC, et al. | : | |

```
ATLAS DATA PRIVACY                  :              CIVIL ACTION
CORPORATION, et al.                 :
                                    :
            v.                      :
                                    :              NO. 24-4217
TELTECH SYSTEMS, INC.,              :
et al.                              :
_____

ATLAS DATA PRIVACY                  :              CIVIL ACTION
CORPORATION, et al.                 :
                                    :
            v.                      :
                                    :              NO. 24-4227
PEOPLECONNECT, INC., et al.         :
_____

ATLAS DATA PRIVACY                  :              CIVIL ACTION
CORPORATION, et al.                 :
                                    :
            v.                      :
                                    :              NO. 24-4230
CORELOGIC, INC., et al.             :
_____

ATLAS DATA PRIVACY                  :              CIVIL ACTION
CORPORATION, et al.                 :
                                    :
            v.                      :
                                    :              NO. 24-4233
BLACK KNIGHT TECHNOLOGIES,          :
LLC, et al.                         :
_____

ATLAS DATA PRIVACY                  :              CIVIL ACTION
CORPORATION, et al.                 :
                                    :
            v.                      :
                                    :              NO. 24-4256
ZILLOW, INC., et al.                :
_____
```

```
ATLAS DATA PRIVACY                :            CIVIL ACTION
CORPORATION, et al.               :
                                  :
          v.                      :
                                  :            NO. 24-4261
EQUIMINE, INC., et al.            :
```
_____

```
ATLAS DATA PRIVACY                :            CIVIL ACTION
CORPORATION, et al.               :
                                  :
          v.                      :
                                  :            NO. 24-4269
THOMSON REUTERS CORPORATION,      :
et al.                            :
```
_____

```
ATLAS DATA PRIVACY                :            CIVIL ACTION
CORPORATION, et al.               :
                                  :
          v.                      :
                                  :            NO. 24-4271
CHOREOGRAPH LLC, et al.           :
```
_____

```
ATLAS DATA PRIVACY                :            CIVIL ACTION
CORPORATION, et al.               :
                                  :
          v.                      :
                                  :            NO. 24-4288
TRANSUNION, LLC., et al.          :
```
_____

```
ATLAS DATA PRIVACY                :            CIVIL ACTION
CORPORATION, et al.               :
                                  :
          v.                      :
                                  :            NO. 24-4292
MELISSA DATA CORP., et al.        :
```
_____

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4298
EQUIFAX INC., et al.            :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4299
SPOKEO, INC, et al.             :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4324
RESTORATION OF AMERICA,         :
et al.                          :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4345
i360, LLC, et al.               :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4354
TELNYX LLC, et al.              :
_____
```

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :              NO. 24-4380
GOHUNT, LLC, et al.             :
```
_____

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :              NO. 24-4383
ACCUZIP, INC., et al.           :
```
_____

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :              NO. 24-4385
SYNAPTIX TECHNOLOGY, LLC,       :
et al.                          :
```
_____

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :              NO. 24-4389
JOY ROCKWELL ENTERPRISES,       :
INC., et al.                    :
```
_____

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :              NO. 24-4390
FORTNOFF FINANCIAL, LLC,        :
et al.                          :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.            :
                               :
        v.                     :
                               :           NO. 24-4392
MYHERITAGE, LTD., et al.       :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.            :
                               :
        v.                     :
                               :           NO. 24-4434
E-MERGES.COM, INC.             :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.            :
                               :
        v.                     :
                               :           NO. 24-4442
WILAND, INC., et al.           :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.            :
                               :
        v.                     :
                               :           NO. 24-4447
ATDATA, LLC, et al.            :
```
_____

```
JOHN DOE-1, et al.             :           CIVIL ACTION
                               :
        v.                     :
                               :
LEXISNEXIS RISK DATA           :           NO. 24-4566
MANAGEMENT, LLC,               :
et al.                         :
```
_____

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4571
PRECISELY HOLDINGS, LLC,        :
et al.                          :
```
---
```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4609
NUWBER, INC., et al.            :
```
---
```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4664
ROCKETREACH LLC, et al.         :
```
---
```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4696
OUTSIDE INTERACTIVE, INC.       :
```
---
```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4770
VALASSIS DIGITAL CORP.,         :
et al.                          :
```
---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| THE LIFETIME VALUE CO. LLC, et al. | : : : | NO. 24-4850 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| BELLES CAMP COMMUNICATIONS, INC., et al. | : : : | NO. 24-4949 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| FIRST AMERICAN FINANCIAL CORPORATION, et al. | : : : | NO. 24-5334 |

<u>ORDER</u>

AND NOW, this 22nd day of April 2024, it is hereby ORDERED that:

(1)  the Court will hold a status conference in the above actions on Tuesday, May 7, 2024 at <u>2:00 PM</u> in Courtroom No. 1, in the United States Courthouse in Camden, New Jersey[1]; and

———————————

1.    The Court at the status conference on April 18, 2024 stated that the status conference on May 7, 2024 would commence at 10:00 AM.  Several orders indicating this time have been docketed.  The parties should disregard the 10:00 AM time and be present for the status conference on May 7, 2024 at <u>2:00 PM</u>.

-14-

         (2)  the above actions are stayed through May 7, 2024, except as to any motions of Plaintiffs to remand and supporting briefs.

                           BY THE COURT:


                           /s/  Harvey Bartle III
                                             J.

# EXHIBIT D

# Takedown Notice under Daniel's Law New Jersey P.L. 2023, c.113, P.L.2021, c.371, P.L. 2015, c.226) (the "Act") sent by You through Atlas' AtlasMail platform to Intelius on December 21, 2023 regarding Your home address: ███ ████████████████████████ (the "Assigned Claim")

**From**
assignments@atlas.net
**To**
████████████@atlasmail.com
**Date**
Thu, Feb 8, 2024 10:35 PM UTC–0500
Assigned Claim: home address: ████████████████████████
Assignee: Atlas Data Privacy Corporation
Data Broker: Intelius (intelius.com) and affiliates
Effective Date: February 8, 2024

Dear ████

You have previously agreed under Atlas' Daniel's Law Service Terms (the "Terms") that upon receipt of written notice from Atlas (an "Assignment Confirmation") you will irrevocably assign to Atlas or a designated affiliate of Atlas (the "Assignee") the exclusive right to civil enforcement of all claims under the Act covered by the Assignment Confirmation.

This writing shall constitute the Assignment Confirmation under the Terms with respect to the above-referenced Assigned Claim, and shall trigger and confirm Your irrevocable assignment to Assignee as of the Effective Date of all of Your rights to bring civil enforcement actions (including the rights to seek damages, other legal remedies, and fees, costs, and litigation expenses) for violations of Your rights under the Act with respect to the Assigned Claim and following such assignment, the Assignee will have the exclusive right to bring such civil enforcement actions anywhere

in the world with respect to the Assigned Claim.  Assignee will share proceeds from enforcement of the Assigned Claim pursuant to the Terms.

Sincerely,
Atlas Team

# EXHIBIT E

**Atlas' Daniel's Law Service Terms**

**Last Updated: February 4, 2024**

Your use of the Atlas service is conditioned upon your acceptance of these Atlas Daniel's Law Service Terms. These Terms contain important information regarding your rights and Atlas' rights, and we encourage you to familiarize yourself with these provisions before accepting. If you do not understand any part of these Terms, we encourage you to consult with legal counsel or other advisors who can assist you.

To the extent that you are subject to other Atlas terms and conditions in connection with other products or services provided by Atlas, and those terms conflict with these Terms, these Terms will control with respect to the Daniel's Law services provided to you by Atlas. Your acceptance of these Terms will also constitute your acceptance of Atlas' privacy policy located at https://www.atlas.net/privacy-policy, as may be updated from time to time. Accordingly, please familiarize yourself with our privacy policy before accepting these Terms.

The Services may also include access to services provided by third-parties with whom we have a commercial relationship. In these instances, and in addition to any limitations contained herein, your use of such third-party services will be governed by the applicable terms of service and privacy policies of such third parties and Atlas shall not be responsible for any aspect of such third-party services.

**1. Definitions**

(a) "Terms" means these Atlas Daniel's Law Service Terms

(b) "Account" means the account created through the Atlas registration process

(c) "You" and "User" means the person creating the Account

(d) "We", "Us" or "Atlas" means Atlas Data Privacy Corporation d/b/a Atlas

(e) "Services" means Atlas Daniel's Law services and other services for which you subscribe through your Account

(f) "Website" means the atlas.net, atlasprotect.com, atlasweb.com (or other websites) operated by Us

**2. Registration**

Registration is the process by which you create an Account and subscribe for Services. The registration process will require you to provide us with information about you, which may include your name, physical addresses, email addresses, telephone numbers, and potentially other identifying information, such as copies of your valid driver's license or other identification, depending on the particular Services for which you are subscribing. In order for us to appropriately provide the Services, you represent that all of the information that you provide to us will be current, accurate, and complete. You may not open more than one Account. You may not open an Account if you are less than eighteen (18) years old, and by registering for the Services, you represent and warrant that you are at least eighteen (18) years old. To the extent that you provide information to us about anyone other than yourself, you represent that you have the legal right and/or their consent to do so and that all such information will be current, accurate, and complete. If any of the information you have provided changes, you agree to update your Account promptly. To the extent that login credentials such as usernames or passwords are created by or for you, you shall be solely responsible for maintaining the confidentiality of such credentials and will immediately update any such credentials that you believe may have become lost or compromised and notify Atlas.

**3. The Services**

As set forth herein, and as may be further described on our website or as otherwise communicated through your Account, the Services consist of access to our Atlas privacy platform, email services, and other functionality we make available in support of your rights under Daniel's Law or, if applicable, under other laws and regulations as may be applicable based on your Account subscription.

(a) Data Broker Scan and Monitoring

Atlas monitors the Internet to identify data brokers and other parties that disseminate personal information about individuals. To help you understand the extent to which your home address and telephone numbers are being published online by third parties, Atlas may search for you on publicly available sites. To conduct these searches, Atlas may use some of your personally identifiable information that you provide, such as your name, date of birth, address, etc. to locate records of you in third-party databases. Due to the nature of the data broker ecosystem, individual searches are not always accurate and there can be some false positive and false negatives. Furthermore, some data brokers do not make their information easily accessible to the public. This is why Atlas recommends, as a protective measure, that you send takedown notices to the lists of parties Atlas has identified, whether or not they are currently displaying your personal information.

(b) Web Form Opt-Outs

Atlas provides standardized templates for you to use for sending your takedown notices under Daniel's Law (the "Act," as defined herein), and which are designed to comply with the Act's notice requirements. Atlas recommends that users exercise extreme caution in any communications with data brokers or other parties to whom the user has sent or will send takedown notices under the Act.

(c) Atlas Email Platform ("AtlasMail")

To protect your privacy and to allow you to efficiently send your takedown notices by email, Atlas will supply you with an Atlas email account (e.g. example@atlasmail.com) to be used for communications with third-parties. To minimize email filter rejection rates, Atlas may use "alias" email addresses in connection with the takedown notices you send, provided that all responses to your emails using such alias protection, will be routed to your AtlasMail account.

You will be able to access your AtlasMail by logging into your Atlas account. In order to ensure your security and the effectiveness of our Services, we strongly recommend that you limit the use of your AtlasMail account to the sending of your takedown notices. To facilitate delivery of the Services, and for security purposes, we may monitor inbound and outbound email traffic to your AtlasMail account.

(d) Identity Defense Services

Your subscription to the Services may include access during the subscription term to the Identity Defense services (the "ID Services") provided by Intersections LLC d/b/a Pango Group and its affiliates ("Pango"). The ID Services are optional and include victim assistance and identity theft insurance. ID Services require enrollment, which can be done in Account, and you authorize Atlas to transmit your ID Services enrollment information to Pango. The ID Services are subject to the terms contained in the following documents www.identitydefense.com/legal/terms-of-use/; www.identitydefense.com/website-terms-of-use/; and www.pango.co/privacy-policy/ as same may be updated. You acknowledge that the ID Services are provided by an independent third party and Atlas makes no representations or warranties, and shall have no obligations or liability, to you in connection with the ID Services or your access and use of the ID Services. Atlas may discontinue providing access to the ID Services at any time upon notice posted to your account, posted on the Atlas website, or sent to you via your primary email address listed in your Account.

(e) Setting Expectations

While we will perform our Services to the best of our abilities, you acknowledge that in any given instance we may not be able, and do not represent or guarantee that the Services will be able to, facilitate or achieve the successful identification of third parties that possesses and/or publicly disclose your information, including your home address and telephone numbers or enforcement of your legal rights. Also, there is always the risk that recipients of your takedown notices may not comply with those notices. While protecting your rights and security are our paramount concern, privacy enforcement is challenging, and we want to be realistic with you in setting expectations and underscoring that privacy protection tends to be an ongoing process rather than a one-time activity.

(f) Atlas Other Commercial Relationships

As a provider of privacy services, Atlas may have commercial relationships with members of the regulated community, including parties that are recipients of your takedown notices, to provide services to or for them in assisting them in managing and meeting their obligations under the Act and other privacy regulations.

**4. Daniel's Law Service**

<u>(a) Daniel's Law Overview</u>

In November 2020, New Jersey Governor Murphy signed the Act which amended the Open Public Records Act (OPRA) and other statutes protecting personal information for certain persons in public service. The Act was enacted in response to the tragic killing of Daniel Anderl, the son of Judge Esther Salas and Mark Anderl. Specifically, the Act is designed to expand data privacy protections for personal information about active and retired judges, law enforcement officers, and prosecutors, and their immediate family members. Commencing in July 2024, the Act will also apply to child protective investigators in the New Jersey Division of Child Protection and Permanency.

The Act currently allows former, active, and retired judicial officers, prosecutors, and members of law enforcement and their immediate family members residing in the same household ("Covered Persons") to request removal and nondisclosure of their (i) <u>home address</u> by state, county, and local government agencies, and (ii) <u>home address and home telephone number</u> by private parties. With respect to private parties, the Act provides for a private right of action in the event of noncompliance with removal/non-disclosure requests.

<u>(b) Daniel's Law Definitions</u>

i. The "<u>Act</u>" or "Daniel's Law" means Daniel's Law (<u>See</u>, New Jersey P.L. 2023, c.113, P.L.2021, c.371, P.L. 2015, c.226).

ii. "<u>Covered Person</u>" means an active, formerly active, or retired judicial officer or law enforcement officer, as those terms are defined by section 1 of N.J. P.L.1995, c.23 (C.47:1A-1.1), or prosecutor and any immediate family member residing in the same household as such judicial officer, law enforcement officer, or prosecutor.

iii. "<u>Authorized Person</u>" means a Covered Person or any of the following persons hereby authorized to submit or revoke a request for the redaction or nondisclosure of a home address on behalf of a covered person:

(1) on behalf of any federal judge, a designee of the United States Marshals Service or of the clerk of any United States District Court;

(2) on behalf of any Covered Person who is deceased or medically or psychologically incapacitated, a person acting on behalf of the Covered Person as a designated trustee, as an estate executor, or pursuant to a written power of attorney or other legal instrument; and

(3) on behalf of any immediate family member who is a minor and who is otherwise entitled to address redaction or nondisclosure pursuant to this act, the parent or legal guardian thereof.

iv. "<u>immediate family member</u>" means a spouse, child, or parent of, or any other family member related by blood or by law to, an active, formerly active, or retired judicial officer or law enforcement officer, as those terms are defined by section 1 of P.L.1995, c.23 (C.47:1A-1.1), or prosecutor and who resides in the same household as such judicial officer, prosecutor, or law enforcement officer.

v. "<u>OIP</u>" means the New Jersey Office of Information Privacy.

<u>(c) Public Records Removal</u>

In order to have your home address removed under the Act from state, county and local government agency websites, you need to register with and be approved by the OIP. The OIP is a New Jersey state agency that was created to implement certain aspects of the Act relating to redaction and/or nondisclosure requests to State, county, and local government agencies to prevent those agencies from publicly disclosing protected information. The Act contains certain exceptions to the redaction and/or nondisclosure of information from public agency records, and individuals wishing to familiarize themselves with these and other provisions of the Act should consult the text of the Act, which can be accessed here: https://pub.njleg.state.nj.us/Bills/2022/S3500/3125_R4.PDF. Public records redaction is handled solely by the OIP and not by Atlas. You may learn more about the OIP and register with the OIP for public records removals through their website: https://danielslaw.nj.gov. Atlas allows you to designate the recipients of your takedown notices solely with respect to <u>private parties.</u>

**In connection with the Services, you acknowledge that Atlas is not affiliated with the OIP or any other New Jersey State agency and, instead, is a privately owned commercial service provider that provides tools for eligible individuals to enforce their privacy rights under the Act against other parties.**

<u>(d) Private Party Records Removal</u>

(i) Overview

The Act permits Covered Persons (and Authorized Persons acting on their behalf) to request third parties disclosing or "otherwise making available" their home address and/or unpublished home telephone number on the Internet or otherwise make available to discontinue such disclosure or availability. The Atlas platform employs commercially reasonable efforts to identify such third parties, allows Covered/Authorized Person to deliver takedown notices under the Act to such third parties and provides some compliance monitoring related to those notices, which may vary depending on the recipient. To provide a wide scope of protection, the Atlas platform will allow you to send your takedown notices to entities that may not currently possess your data, thereby potentially prohibiting them from disclosing or otherwise making available your information in the future. Your eligibility as a "Covered Person" or an "Authorized Person" is based solely on your meeting of the Act's definitions of those terms. As part of the sign-up process, Atlas will ask you some eligibility questions regarding your law enforcement employment history and whether you have a primary or secondary residence in New Jersey, however Atlas' approval of your account should not be relied on as confirmation that you have met the eligibility criteria for protection under the Act.

(ii) Third-Party Selection

As noted herein, Atlas monitors the Internet to identify parties that may be publishing or selling personal information on the Internet and, for your convenience, creates lists of those parties as suggested recipients for your takedown notices. Due to the dynamic nature of this landscape and the difficulty in detecting information that is not always directly accessible, the lists compiled by Atlas necessarily do not capture every party that may be publishing your information. By design, Atlas has used its discretion to focus its lists on those parties who Atlas believes have substantial operations in the collection, publication or selling of personal information. However, the Atlas platform will allow you to send your takedown notices to any party for whom you have an email address, whether or not they appear in a list prepared by Atlas. The lists prepared by Atlas are subject to updating from time to time as parties are identified, and you may indicate that you wish to send your takedown notices to such additional parties as they are identified by Atlas. While the lists prepared by Atlas are meant to streamline your process of selecting recipients of your notices, you may at any time access your Account to update your notice delivery selections.

Atlas offers several subscription tiers for its Daniel's Law services. The suggested lists that Atlas provides of third-parties to whom you may send your notices may vary based on your subscription tier, however, you will always be able to use AtlasMail to manually send takedown notices to any party.

(iii) Takedown Notice Format

Takedown notices will contain your name, home address and home telephone number and will identify you as a Covered Person under the Act. The Atlas templates are drafted so that you will send a separate takedown notice for each of your home addresses and home phone numbers. Below is a representative sample of the format for the address template to be used. (Separate templates are supplied for phone numbers and notices sent on behalf of other parties)

---

**Sample Takedown Notice Template - Address**

[Date]

*To Whom It May Concern:*

*I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), and I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:*

<u>Name</u>: *John J Doe*

<u>Home Address</u>: *123 Main St. Anytown, NJ 12345*

*Sincerely,*

*John J Doe*

(iv) Sending Takedown Notices

To protect your privacy, your takedown notices delivered through the Atlas platform will be sent through your AtlasMail. However, it is important to note that some recipients of takedown notices may not possess some or all of the information in your notice prior to receipt of your takedown notice.

Atlas provides email addresses for the parties contained in the lists generated by Atlas, and uses its judgment in selecting the appropriate addresses for your takedown notices. However, Atlas cannot guarantee, and does not represent, that such parties will accept takedown notices delivered to such email addresses or that the email addresses selected by Atlas are correct. If a third party changes their email address, or in instances of failed delivery or if Atlas identifies a more suitable email address or other method of delivering notice to a party, then Atlas may deliver or redeliver your takedown notice to such other address or by such other method.

The Atlas platform will schedule the delivery dates of your takedown notices based on a variety of factors, including, completion of pending updates, testing or maintenance of the Atlas platform, the need to confirm additional information about you or the recipients of your takedown notices, the desirability of batching notices for administrative purposes or to realize efficiencies in notification and delivery, however, the Atlas platform will also let you send individual takedown notices on an immediate basis to any third party. Information about current notice delivery scheduling and timing is available in your Account.

**With respect to your takedown notices, you, and not Atlas, are the sender. Other than as provided herein, Atlas shall have no authority to negotiate with recipients of your takedown notices or otherwise waive or settle any claims that you may have arising out of noncompliance with your takedown notices; however, to the extent that a claim arising under one of your takedown notices is assigned to Atlas or its affiliates pursuant to an Assignment Confirmation, after such assignment, Atlas or, as applicable, its affiliate may manage the prosecution and resolution of such claim in its sole discretion.**

(v) Updating Your Information/ Withdrawing Takedown Notices

It is important that you update your Account with any changes of address or status.

(1) Change of Personal Information:

The Act does not provide specific guidance on the procedure to be followed if the personal information contained in your previously delivered takedown notices change. Our recommendation is that if you change your address, telephone number or name, you should not voluntarily withdraw takedown notices you have delivered for your old information, as this information may still be used to locate or communicate with you. However, immediately upon a change of address, telephone number or name, we recommend that you send new takedown notices covering the new information. The Atlas platform provides workflows to streamline this process and additional information on this process is available in your Account.

(2) Change of Status – Immediate Family Member: If you have sent takedown notices on the basis that you are an immediate family member of a Covered Person and reside in the same household as they do, and thereafter you no longer reside with that Covered Person, the Act requires that within thirty (30) following such change in status, you send notification of such change of status to all parties to whom you have sent takedown notices. The Atlas platform provides functionality for sending these change of status notifications and information on how to do so is available in your Account.

(3) Voluntary Withdrawals - The Atlas platform will allow you to withdraw takedown notices you have previously sent. However, voluntary withdrawals of takedown notices should be considered carefully, as the withdrawal may compromise your privacy. Such withdrawals may also affect any potential or pending claims for damages or other relief that you may have for non-compliance with the takedown notice(s) to be withdrawn. **For this reason, you agree that without the prior written consent of Atlas for any takedown notice that is subject of an Assignment Confirmation, you will not voluntarily withdraw that takedown notice.**

(vi) Minors / Authorized Persons - Individuals under 18 years old may not use the Atlas platform to send takedown notices. While Atlas has found that data brokers generally do not publish information online about minors, the Act permits parents and legal guardians to send takedown notices as "Authorized Persons" on behalf of immediate family members under 18 year of age who reside with a Covered Person. The Atlas platform allows Authorized Persons to send takedown notices on behalf of minors and other qualifying individuals and information on how to do so is available in your Account. To the extent that you use the Atlas platform to send

takedown notices as an Authorized Person on behalf of another person, you represent and warrant to Atlas that you are eligible to do so.

(e) Formal Enforcement Actions

To support compliance with private party takedown notices, the Act provides a private right of action – meaning that individuals and their assignees have the right to bring legal actions against private parties that fail to honor their takedown notices. In the event of a violation, the Act provides for liquidated damages in the amount of $1,000 per violation and allows for the recovery of attorney's fees, among other remedies.

**(i) Actions where you are a plaintiff**.

To the extent that third parties fail to honor your takedown notices under the Act, we may facilitate introductions to counsel who may be able to provide you and/or your eligible family members with the opportunity to participate individually, collectively, or as putative class members in formal legal action(s) to enforce your and their rights and recover damages and other relief. You acknowledge that we may provide information about you and relating to your takedown notices to potential and actual counsel to support the enforcement of your rights under the Act. Such counsel would typically only receive compensation in connection with awards of damages or settlements received as a result of their efforts. The choice to participate in each such instance of formal legal action will be at your sole discretion, and if applicable, the discretion of your eligible family members. Our role in these situations is as a facilitator, and not as your attorneys, and we shall not be responsible for the any aspect of the conduct of such legal actions.

**Separate from any attorney's fees, in connection with damage awards or settlements recovered by you that result from takedown notices delivered through the Atlas platform, you agree that Atlas will be entitled to receive compensation from you in the form of the Service Fee, as outlined in below in Section 5 (Payment)**.

**(ii) Assignments - Actions where Atlas or its affiliates are the plaintiff.**

In certain circumstances Atlas may in its discretion determine that an efficient method of prosecuting takedown notice enforcement actions is through civil litigation whereby individual claims are aggregated and prosecuted by Atlas or its affiliates. **To this end, upon a written notice from Atlas (which may be sent to you by email or within the Atlas application) which shall both trigger and confirm your legal assignment to Atlas or an affiliate of Atlas (as applicable, the "Assignee") of your right to bring civil enforcement actions for violation of your rights under the Act in connection with one or more of your takedown notices delivered through the Atlas Services (each such notice an "Assignment Confirmation"), you shall be deemed, upon your receipt of such Assignment Confirmation, to have irrevocably assigned to the Assignee all of your rights to bring a claim (and seek damages, other legal remedies, and fees, costs, and litigation expenses) for violations of your rights under the Act with respect to the takedown notices covered by the Assignment Confirmation and following such assignment, the Assignee will have the exclusive right to bring such civil enforcement actions anywhere in the world with respect to those takedown notices covered by the Assignment Confirmation. To the extent that the Assignee requires further written confirmation of such assignment(s), you hereby irrevocably appoint Atlas as your attorney-in-fact to execute any such further written assignments or confirmations on your behalf, and such appointment is coupled with an interest**. Atlas affiliates serving as Assignees shall be deemed third-party beneficiaries of these Terms and may enforce them in their own right.

**Revenue Share on Recoveries Under Assignment Confirmations: (i) Settlements: For claims against third parties for non-compliance with your takedown notices that have been transferred to an Assignee pursuant to Assignment Confirmations and which are resolved through settlement, from the net amounts of settlements received by the Assignee (i.e., amounts actually collected, less third-party attorney's fees and associated investigation, litigation and collection costs and expenses), Atlas will cause the Assignee to remit to you sixty-five percent (65%) of the pro-rata portion of such amounts allocable to the takedown notices covered by your Assignment Confirmation, with such amounts to be paid with thirty (30) days following the Assignee's receipt of such amounts. (ii) Judgments: To the extent that amounts are recovered by Assignee by way of judgment, instead of settlement, for non-compliance with your takedown notices that have been transferred to an Assignee pursuant to Assignment Confirmations, Atlas will cause the Assignee to pay to you sixty-five percent (65%) of the net amounts of such judgment recoveries received by the Assignee (i.e., amounts actually collected less third-party attorney's fees and associated investigation, litigation, and collection costs and expenses allocable to the takedown notices subject to your Assignment Confirmation, with payment to be made within thirty (30) days following the Assignee's**

**receipt of such amounts. With respect to judgment recoveries, the Assignees may be eligible to recover from the defendant(s) reasonable attorneys' fees, costs, and litigation expenses incurred, and any amounts of attorney fees and litigation costs so recovered will be offset against such actual amounts of attorney's fees and litigation costs actually incurred in computing net amounts payable hereunder, provided that any amounts of attorney's fees and litigation costs recovered that are in excess of actual attorney's fees and actual litigation costs incurred will not be included in the amounts to be shared with you hereunder.**

To the extent that the Assignee reasonably requires you to sign and/or provide any tax documents or other documents or information in order to make payments to you, such payments may be withheld until you have delivered to Atlas such documents or information. The Assignee shall use its good faith discretion in prosecuting and settling claims covered by Assignment Confirmations, and in doing so may take into consideration a variety of factors in prosecuting and settling such claims, including but not limited to, the achievement of future compliance, the certainty afforded by settlement, and the challenges presented by potential legal defenses.

To support compliance, as part of or in parallel to settlement or enforcement of claims covered by Assignment Confirmations, Atlas may enter into service agreements with defendants in such actions and the fees payable to Atlas under such service agreements will not be included in the net pro-rata amounts payable to you in connection with such actions. Atlas will use its good faith discretion to ensure that such service fees payable to Atlas as part of such settlements will not materially exceed its standard commercial rates for comparable services for similarly situated customers.

All litigation has inherent uncertainties of outcome and, accordingly, neither Atlas nor its affiliates make any representations or warranties regarding their ability to achieve successful or maximum value damage awards or settlements of actions arising under Assignment Confirmations or that Assignment Confirmations will achieve better outcomes than other approaches for enforcement of claims arising under your takedown notices delivered using Atlas' Services.

**5. Payment**

Atlas is compensated for its Services through a combination of (a) Subscription Fees and (b) outcome-based Service Fees that are computed as a percentage of any damages awards or settlements recovered by you under the Act as a result of or in connection with your takedown notices delivered through the Atlas platform.

<u>Subscription Fees</u>

Subscription Fees for the Services are set forth in the registration process and/or the Website and/or your Account and vary according to the following Services plans:

<u>(a) Enterprise or Group Affiliated Plans</u> - In some instances, you may be a member of a union or other organization whose membership plans include payment of all or a portion of your Subscription Fees for Atlas' Daniel's Law Services. In that instance, a separate Subscription Fee may not be due from you, but subscription fees may be applicable for any Atlas additional services for which you may subscribe.

<u>(b) Individual Plans</u> - If your Subscription Fees have not been paid by a third-party, you can still use the Service in exchange for the Subscription Fee identified on the Atlas website or through your Account. Individual plans are offered with a variety of different features that are accessible in your Account and provide various levels of data broker coverage.

<u>(c) Limited Subscription Plan</u> – Atlas also offers a Subscription plan for the Services that does not require payment of Subscription Fees, but for which Service Fees remain applicable. This plan does not include coverage of the full array of data brokers identified by Atlas and provides limited access to other services.

Details on the specific features that are included in your subscription plan are contained in your Account. However, under any plan, you may send takedown notices through AtlasMail at any time to any additional parties that you identify. Atlas reserves the right from time to time to modify the scope of the Services and the Subscription Fees it charges for access to the Services.

<u>Service Fees</u>

The Service Fees charged by Atlas supports our development of the platform and related services and is payable to Atlas only if there is a monetary recovery for violations of your rights under the Act. With respect to the amount of damages awarded and/or settlements that are recovered by you (and/or your eligible family member for whom you have subscribed) in connection with or as a result of the

Services for violations of the Act, you hereby irrevocably assign to Atlas thirty-five percent (35%) thereof (the "Service Fee") and will make payment to Atlas for the Service Fee within fourteen (14) days following your receipt of the recovered amounts. In support of your payment obligation to Atlas, you hereby irrevocably appoint Atlas as your attorney-in-fact, and such appointment is coupled with an interest, to instruct your attorneys or other parties in possession or control of such damages or settlement amounts, including settlement agents, to make payment of applicable Service Fees directly to us on your behalf and, as applicable, on behalf of such eligible family members, and amounts paid by them will constitute amounts paid by you and, as applicable, such eligible family members. We may deliver such instructions in our own name and/or your name, including through written instructions bearing auto-generated or electronic versions of your signature. **As noted above, Assignment Confirmations have their own recovery sharing formula and separate Service Fees will not be due for recoveries under takedown notices for which Assignment Confirmations are in effect.**

**Service Fee Computation: Service Fees are computed on gross amounts of recovery. By way of example, in the event that a takedown notice delivered by you through the Atlas Services results in a damages or settlement recovery by you in the total amount of $1,000, the amount of Service Fee payable by you to Atlas in connection with that recovery would be computed by applying the thirty-five percent (35%) Service Fee rate to the full $1,000, without taking into account of or adjusting for payments, if any, made or to be made by you to any other parties in connection with such recovery, resulting in a Service Fee of $350 due to Atlas.**

**You acknowledge that the amount and method of computation of the Service Fees are fair and reasonable in exchange for the Services provided by Atlas in connection with the enforcement of your and your eligible family members' rights under the Act.**

You agree to make payment or direct payment to us for applicable fees. You will only be responsible for Service Fees to the extent that you receive damages awarded and/or settlements. In the event that you do not make payment to us of applicable fees or prevent payment to us of Service Fees, in addition to any other remedies, we may immediately suspend or terminate the provision of the Services to you and will provide notice of any such suspension or termination to your personal email address that you have provided when creating your Atlas Account.

Attorneys representing the Covered Persons (or assignees, such as Atlas) may also be entitled to recover their reasonable attorneys' fees, costs, and litigation expenses from the defendant(s) and any such attorney's fees awarded by a court will not be included as part of your recovery for the purpose of computing the Service Fees due to Atlas.

**6. Support**

To reach our customer support team, please e-mail us at support@atlas.net. Providing our representatives with all the information they need to solve your problem will expedite your request for assistance. These communications may involve retained attorneys and will be subject to the attorney-client privilege.

**7. Restrictions**

Atlas may verify your Account prior to providing access to all of the Services, and functionality may be limited or suspended pending verification.

In order to protect the integrity of the Website, the Services and our systems, you agree that you will not, and will not permit others to:

- Reproduce, modify, adapt, prepare derivative works based on, perform, display, publish, distribute, transmit, broadcast, sell, license or otherwise exploit the Services or any component thereof.

- Make use of the Services for anyone or any purpose other than on behalf of yourself and any eligible family members for whom you have enrolled in the Services.

- Circumvent, disable or otherwise interfere with security related features of the Services or Website or features that prevent or restrict use or copying of any content.

- Interfere with or disrupt (or attempt to interfere with or disrupt) the operation of the Website or Services.

- Attempt to decipher, decompile, disassemble or reverse engineer any of the software used to provide the Website or the Services.

- Impersonate or misrepresent your affiliation with any person or entity, through pretexting or some other form of social engineering or otherwise commit fraud.

- Post, upload, or otherwise transmit through the Website or the Services any content that is unlawful, obscene, harmful, threatening, harassing, defamatory or hateful or that contain objects or symbols of hate, invade the privacy of any third party, contain nudity (including without limitation any pornography), is deceptive, threatening, abusive, inciting of unlawful action, defamatory, libelous, vulgar or violent or constitute hate speech or is otherwise objectionable in our opinion; that infringes the intellectual property rights or violates the privacy rights of any third party (including without limitation copyright, trademark, patent, trade secret, or other intellectual property right, or moral right or right of publicity), or otherwise violates or promotes the violation of the rights of any third party; that contains software viruses or any other computer code, files, or programs designed to interrupt, destroy or limit the functionality of any computer software, or interferes with the access of any user, host or network, including without limitation sending a virus, overloading, flooding or spamming the Website or the Services.

- Use the Website or the Services in any manner not permitted by these Terms or applicable law.

- Encourage or instruct any other individual to do any of the foregoing or to violate any of these Terms.

Upon any actual, threatened, or suspected violation by you of the foregoing restrictions or any other provision of this Agreement or any other applicable Atlas policies, we may immediately suspend your access to all or a portion of the Services without advance notice.

**8. Disclaimer of Warranties**

Your use of the Website, Services and any other information, products, functionality or software made available through the Website or the Services is at your sole risk and discretion and we hereby disclaim all liability to you or any third party relating thereto. The Website, Services and all materials, information and products included therein, are provided on an "as is" and "as available" basis without warranties of any kind. We expressly disclaim all warranties of any kind, express, implied or statutory, relating to the Websites and Services, including without limitation the warranties of title, merchantability, fitness for a particular purpose, non-infringement of proprietary rights, course of dealing or course of performance.

Not in limitation of the foregoing, we disclaim any warranties:

- Regarding the security, accuracy, reliability, timeliness and performance of the Website or the Services.

- That the Website or the Services will be error-free or that any errors will be corrected.

- That the Website or the Services will be of any particular quality, meet any standards or requirements, or conform to any of your expectations in this regard.

- Regarding the performance of third parties, including counsel enforcing your rights under the Act.

- Regarding the degree of protection afforded by the Act or Atlas' Services.

No advice or information, whether oral or written, obtained by you from us, will create any warranty not expressly stated in these Terms. Some states or jurisdictions do not allow the exclusion of certain warranties. Accordingly, some of the above exclusions may not apply to you. Our ability to confirm the identity of users of Website or Services or monitor their behavior is necessarily limited, accordingly, we disclaim all liability for actions of third parties that reflect theft or any other misuse of your identity or other personal information. **Additionally, nothing in these Terms, the Website or the Services shall be construed as legal advice from Atlas and its affiliates, and no attorney-client relationship is intended or shall arise out of these Terms, the Website or the Services**.

<u>Third Parties' Software, Content and Actions</u>. We are not responsible for:

- The content, services, applications or availability of third parties' websites that you access using the Website or the Services, including but not limited to the ID Services.

- The availability, performance, functionality or any consequences of your use of any third parties' components, software, modules built into or otherwise integrated and available through the Website or the Services, including but not limited to the ID Services.

- Legal services provided by counsel in connection with the enforcement of your rights under the Act and/or your takedown notices.

- Acts or omissions of third parties, including but not limited to the provider(s) of the ID Services.

**9. Limitation of Liability**

IN NO EVENT WILL WE, OUR OFFICERS, DIRECTORS, EMPLOYEES, AFFILIATES, ATTORNEYS OR AGENTS, BE LIABLE TO YOU FOR ANY DAMAGES WHATSOEVER, INCLUDING WITHOUT LIMITATION, INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR IN CONNECTION WITH YOUR USE OF THE WEBSITE AND/OR SERVICES, SERVICES OF THIRD PARTIES TO WHICH WE HAVE PROVIDED ACCESS, OR PROSECUTION OF CLAIMS UNDER ASSIGNMENT CONFIRMATIONS, WHETHER THE DAMAGES ARE FORESEEABLE AND WHETHER OR NOT WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. THE FOREGOING LIMITATION OF LIABILITY WILL APPLY TO THE FULLEST EXTENT PERMITTED BY LAW IN THE APPLICABLE JURISDICTION AND IN NO EVENT WILL OUR CUMULATIVE LIABILITY TO YOU EXCEED AMOUNT OF THE SERVICE FEES ACTUALLY PAID BY YOU IN THE SIX (6) MONTHS PRECEDING THE EVENT GIVING RISE TO YOUR CLAIM OR, IF NO FEES APPLY, FIFTY ($50) U.S. DOLLARS. TO THE EXTENT THAT WE ARE PROVIDING SERVICES TO A THIRD PARTY AND AS A RESULT OF OUR ACTS OR OMMISSIONS IN PROVIDING THOSE SERVICES, YOU SUSTAIN A LOSS, INJURY OR OTHER VIOLATION OF RIGHTS, TO THE MAXIMUM EXTENT PERMITTED BY LAW, NEITHER WE NOR SUCH THIRD PARTY WILL HAVE ANY LIABILTY TO YOU OR ANY PERSON CLAIMING THROUGH OR ON BEHALF OF YOU AND YOU EXPRESSLY ACKNOWLEDGE THAT SUCH THIRD PARTIES TO WHOM WE PROVIDE SUCH SERVICES ARE IDENTIFIED THIRD-PARTY BENEFICIARIES OF THIS LIMITATION OF LIABILITY AND MAY ENFORCE SUCH LIMITATION AGAINT YOU OR OTHER PERSONS CLAIMING THROUGH YOU OR ON YOUR BEHALF.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THESE TERMS WE SHALL NOT BE LIABLE FOR DELAYS, INTERRUPTIONS, SERVICE FAILURES AND OTHER PROBLEMS INHERENT IN USE OF THE INTERNET AND ELECTRONIC COMMUNICATIONS OR OTHER SYSTEMS OUTSIDE OUR REASONABLE CONTROL.

THE PROVISIONS OF THIS SECTION ALLOCATE THE RISKS UNDER THESE TERMS BETWEEN THE PARTIES, AND THE PARTIES HAVE RELIED ON THESE LIMITATIONS IN DETERMINING WHETHER TO ENTER INTO THESE TERMS.

**10. Indemnification**

You agree to defend, indemnify, and hold us, our parents, subsidiaries, affiliates, customers, vendors, and their respective officers, directors, employees, attorneys and agents, harmless from and against any claims, liabilities, damages, losses, and expenses, including without limitation reasonable attorney's fees and costs, arising out of or in any way connected with:

- Your access to or use of the Website, the Services or services provided by third parties.

- Your violation of these Terms.

- Your violation of any third-party right, including without limitation any intellectual property right, publicity, confidentiality, property or privacy right.

**11. External Links**

The Website or the Services may contain external links that provide links to third-party websites or resources. You acknowledge and agree that we are not responsible or liable for the availability or accuracy of, and we do not endorse, such websites or resources or the content, products, or services on or available from such websites or resources. When you follow a link, or engage with a third-party service, website, resource you are interacting with the third party, not with us. You acknowledge sole responsibility for and assume all risk arising from your use of any such websites, products, content, promotions services or resources. Your access, purchase or use of any website, product or service, and any information provided by you or collected as a result of such interaction, shall be governed by the applicable third-party privacy policy, data gathering practices, terms of use or other agreements.

**12. Modification**

We reserve the right, at our sole discretion:

- To modify or revise these Terms at any time by posting the amended Terms on the Website. Please check the most current

Terms to ensure that you are aware of all the terms governing your use of the Website and the Services.

- To make changes, update or discontinue the Website, Services or any format, feature or functionality thereof at any time with or without notifying you.

- To terminate or restrict access to the Website or the Services for any reason whatsoever.

Your continued use of the Website or the Services after a change or update has been made will constitute your acceptance to the revised Terms. If you do not agree with the modifications, please discontinue use of the Website and the Services immediately, and cancel the account you have opened with us. Notwithstanding the foregoing, any modification of the Service Fee rate will require your express consent.

**13. Termination and Account Cancellation**

Your subscription for Services will remain effective until expiration or until terminated by you or us in accordance with these Terms.

Termination by You. You may terminate your subscription to the Services at any time upon written notice delivered to support@atlas.net, provided that any such termination will not affect our right to receive Service Fees with respect to takedown notices that have been delivered through the Atlas platform prior to such termination date.

Termination by Us. Without limiting other remedies, we may suspend or terminate these your subscription for Services, these Terms with you, or may terminate or suspend your use of the Website or the Services, and/or may remove any of your data at any time if:

- You violate any term of these Terms.

- You infringe proprietary rights, rights of privacy, or intellectual property rights of any person, business or organization.

- You engaged in other actions relating to or in the course of using the Website or the Services that may be illegal or cause liability, harm, embarrassment, harassment, abuse or disruption for you, other Users, us, any other third parties or for the Website or the Services.

- You have 'charged back' or denied any of the payments that you made for your subscription.

- It is required by applicable law.

- We cease offering the services and/or discontinued the Website or the Services.

- Notwithstanding the foregoing, we also reserve the right to terminate the Website, Services or cancel your account at any time and for any reason.

Effect of Termination. Upon termination of your subscription for Services or these Terms, all licenses and rights to use the Website and the Services shall immediately terminate; and you will immediately cease any and all use of the Website and the Services. Upon such termination, Atlas will no longer pay for subscription or other fees for your access and use of services provided by third parties, including the ID Services, and your access and use of such services may terminate unless you make payment arrangements and/or enter into subscription agreements directly with such third-party service providers.

Upon any termination you will no longer be able to access data or content submitted by you. We will have no obligation to maintain any information or content stored in our database related to your account or to forward any information to you or any third party, provided that we may retain such information for: (a) archival purposes, (b) as may be necessary or advisable in connection with enforcement of outstanding takedown notices, (c) confirmation of you and your eligible family members as Covered Persons under the Act in connection our agreements with third parties to provide support in connection with compliance under the Act, (d) for enforcement of our or our affiliates' rights, including in connection with the enforcement of Assignment Confirmations, or for other internal business purposes, or (e) to enable third parties to comply with and/or avoid violating your rights under the Act, whether or not they have received a takedown notice from you.

**Any suspension, expiration or termination of your subscription for Services and/or these Terms will not affect your obligations to us under these Terms, including, without limitation, payment of Service Fees in connection with takedown notices delivered through the Atlas platform prior to such suspension, expiration or termination, proprietary rights and ownership, indemnification and limitation of**

**liability, confidentiality, which reasonably are intended to survive such expiration, suspension or termination, nor will expiration, suspension or termination affect our or our affiliates' rights with respect to Assignment Confirmations delivered to you prior to such expiration, suspension or termination.**

In addition to any other available relief, Atlas, and as applicable it affiliates, shall be entitled to recover their reasonable attorney's fees in connection with any action to recover payments due from you to Atlas, or to enforce their rights under these Terms.

**14. Intellectual Property**

The Website, the Service and Atlas' original content (excluding Content provided by users), features and functionality contained within are and will remain the exclusive property of Atlas and its licensors. The Website and Service are protected by copyright, trademark, and other laws of the United States and foreign countries and may not be used without prior written consent of Atlas.

**15. Copyright Policy**

Atlas respects the intellectual property rights of others. It is our policy to respond to any claim that Content posted on the Website or Service infringes on the copyright or other intellectual property rights ("Infringement") of any person or entity.

If you are a copyright owner, or authorized on behalf of one, and you believe that the copyrighted work has been copied in a way that constitutes copyright infringement, please submit your claim via email to support@atlas.net, with the subject line: "Copyright Infringement" and include in your claim a detailed description of the alleged Infringement as detailed below, under "DMCA Notice and Procedure for Copyright Infringement Claims."

You may be held accountable for damages (including costs and attorneys' fees) for misrepresentation or bad-faith claims on the infringement of any Content found on and/or through Service on your copyright.

**16. DMCA Notice and Procedure for Copyright Infringement Claims**

You may submit a notification to Atlas pursuant to the Digital Millennium Copyright Act (DMCA) by providing our Copyright Agent with the following information in writing (see 17 U.S.C 512(c)(3) for further detail):

(a) an electronic or physical signature of the person authorized to act on behalf of the owner of the copyright's interest.

(b) a description of the copyrighted work that you claim has been infringed, including the URL (i.e., web page address) of the location where the copyrighted work exists or a copy of the copyrighted work.

(c) identification of the URL or other specific location on Service where the material that you claim is infringing is located.

(d) your address, telephone number, and email address.

(e) a statement by you that you have a good faith belief that the disputed use is not authorized by the copyright owner, its agent, or the law.

(f) a statement by you, made under penalty of perjury, that the above information in your notice is accurate and that you are the copyright owner or authorized to act on the copyright owner's behalf.

You can contact Atlas' Copyright Agent via email at legal@atlas.net.

**17. Legal Actions**

<u>Choice of Law</u>. You agree that the laws of the State of New Jersey govern these Terms, their subject matter, the relationship between you and us, any action related these Terms, and any claim or dispute it may arise, without regard to the conflict of laws rules, and that the United Nations Convention on Contracts for the International Sale of Goods shall have no applicability.

<u>Location for Resolving Disputes</u>. You further agree that any disputes or claims related to these Terms will be resolved by state courts located in the State of New Jersey, and you agree and submit to the exercise of personal jurisdiction of such courts for the purpose of litigating any such claim or action. BY AGREEING TO THESE TERMS, YOU ARE: WAIVING CLAIMS THAT YOU MIGHT OTHERWISE HAVE AGAINST US BASED ON THE LAWS OF OTHER JURISDICTIONS, INCLUDING YOUR OWN, IRREVOCABLY CONSENTING TO THE

EXCLUSIVE JURISDICTION OF, AND VENUE IN, THE STATE COURTS LOCATED IN NEW JERSEY OVER ANY DISPUTES OR CLAIMS YOU HAVE WITH US, AND SUBMITTING YOURSELF TO THE PERSONAL JURISDICTION OF SUCH COURTS FOR THE PURPOSE OF RESOLVING ANY SUCH DISPUTES OR CLAIMS.

Class Action Waiver. IN CONNECTION WITH ANY LEGAL ACTION ARISING OUT OF OR IN CONNECTION WITH THESE TERMS, THE WEBSITE OR THE SERVICES, YOU HEREBY WAIVE ANY RIGHT TO ASSERT ANY CLAIMS AGAINST ATLAS OR ITS AFFILIATES AS A REPRESENTATIVE OR MEMBER IN ANY CLASS OR REPRESENTATIVE ACTION, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW OR DEEMED BY A COURT OF LAW TO BE AGAINST PUBLIC POLICY. TO THE EXTENT YOU ARE PERMITTED BY LAW OR COURT OF LAW TO PROCEED WITH A CLASS OR REPRESENTATIVE ACTION AGAINST ATLAS OR ITS AFFILIATES, YOU AGREE THAT: (I) YOU SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION; AND (II) YOU WILL NOT SUBMIT A CLAIM OR OTHERWISE PARTICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENTATIVE ACTION.

**18. General**

(a) No Agency. Excluding your appointment of Atlas as your attorney-in-fact for delivering your Service Fees payment instructions, no joint venture, partnership, employment, or agency relationship exists between you and Atlas or its affiliates as a result of these Terms or use of the Services. **Neither Atlas nor its affiliates shall have or be deemed to have fiduciary status or duties to you with respect to the Services or enforcement of takedown notices under Assignment Confirmations.**

(b) Government Use. Nothing in these Terms makes us a government contractor or agent of any governmental body or agency.

(c) Notices. Any notices or other communications permitted or required under these Terms will be in writing and given:

By You:

- 
  - to legal@atlas.net

By Us:

- 
  - Via email (to the address that you provide during registration), or
  - By posting to the Website.

(d) Consent to Receive Communications in Electronic Form. For contractual purposes, you:

- Consent to receive communications from us in an electronic form via the email address you have submitted, by text and phone to the phone number(s) you have provided; and
- Agree that the Terms and all agreements, notices, disclosures, and other communications that we provide to you electronically satisfy any legal requirement that such communications would satisfy if it were in writing.

(e) Assignment. You will not assign these Terms or assign any rights or delegate any obligations hereunder, in whole or in part, whether voluntarily or by operation of law, without our prior written consent. Any purported assignment or delegation by you without our appropriate prior written consent will be null and void. We may assign these Terms or any rights hereunder without your consent.

(f) No Waiver. The failure by us to exercise, or delay in exercising, a legal right or remedy provided by these Terms or by law shall not constitute a waiver of our right or remedy.

(g) Severability and Integration. These Terms constitute the entire agreement between you and us regarding the subject matter hereof and supersede all previous written or oral agreements regarding the subject matter hereof. If any part of these Terms is held invalid or unenforceable, that portion shall be construed in a manner consistent with applicable law to reflect, as nearly as possible, the original intentions of the parties, and the remaining portions shall remain in full force and effect.

# EXHIBIT F



# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "ATLAS DATA PRIVACY CORPORATION" IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTIETH DAY OF MARCH, A.D. 2024.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "ATLAS DATA PRIVACY CORPORATION" WAS INCORPORATED ON THE TWENTY-SEVENTH DAY OF APRIL, A.D. 2021.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

Jeffrey W. Bullock, Secretary of State

5874663  8300

SR# 20241094633

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203073511

Date: 03-20-24