Scott S. Christie (ID: 37901989)
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Email: schristie@mccarter.com

*Attorneys for Defendant Telnyx LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, an assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, and PETER ANDREYEV,<br><br>Plaintiffs,<br><br>v.<br><br>TELNYX LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and, ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | Civil Action No. 1:24-cv-04354-HB<br><br>**DEFENDANT TELNYX LLC'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF CONSOLIDATED MOTION TO DISMISS** |

Defendant Telnyx LLC ("Telnyx") fully joins the consolidated motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  *See* Dkt. No. 20.  Telnyx writes separately to clarify that because of the way that Telnyx's platform works, Daniel's Law does not restrict *Telnyx's* speech, but rather restricts the speech of *other* information content providers whose content is published via Telnyx's website.  The relevant constitutional analysis, however, does not change.

Plaintiffs allege that Telnyx's website permits "visitors, users, or customers [to] obtain a name and home address and/or a name and unpublished home telephone number."  Compl. ¶ 33.  Plaintiffs are referring to the lookup tool available on Telnyx's website (the "Lookup Tool").  A Lookup Tool user can type in a phone number, and Telnyx will query publicly-available telephone directories maintained by telecommunications companies and return the name that those directories associate with that number.  The Complaint provides an illustration of the Lookup Tool:

*Id.* (reproducing screenshot from Telnyx's Lookup Tool). A more complete and higher resolution image of that same tool is included below:



As these screenshots demonstrate, the Lookup Tool functions the same as any other Caller ID tool: It allows a user to discover the details behind a telephone number by *inputting* the phone number which then returns other information (i.e., name and caller type) that telecommunications companies publicly associate with that number.  *See id.*; *see also Protocols*, https://developers.telnyx.com/api.  The caller name data that Telnyx's Lookup Tool displays is sourced by Caller ID Name ("CNAM"), a feature of the United States public telephone network that is maintained in databases by telephone companies to store and retrieve data used for caller ID services.

As a result, Telnyx is not itself the publisher or speaker of the information that appears on its website through the Lookup Tool.  Rather, that information is spoken and published by the telecommunications companies whose databases supply that information.  As explained by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, "[n]o provider … of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  *Id.* § 230(c)(1).  And here, of course, Telnyx is a "provider … of an interactive computer service," 47 U.S.C. § 230(c)(1)—i.e., it is the operator of "a website," *Mmubango v. Google, Inc.*, 2013 WL 664231, at *2 (E.D. Pa. 2013)— which displays information from *other* content providers, without any contribution to that content by Telnyx itself.  Accordingly, under Section 230, Telnyx is not itself

4

"the publisher or speaker" of that information. *See Parker v. Google, Inc.*, 242 F. App'x 833, 838 (3d Cir. 2007).

That said, although the speech that Plaintiffs attempt to restrict with Daniel's Law is not Telnyx's, the analysis for the facial First Amendment challenge brought here is the same. After all, if the statute is facially unconstitutional, then it cannot be applied to ***anyone***. *See McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 253 (3d Cir. 2010). What is more, to the extent that Telnyx makes any "'choices about whether, to what extent, and in what manner it will disseminate speech'" by others, those choices—though not themselves speech—still "constitute 'editorial judgments' which are protected by the First Amendment." *Volokh v. James*, 2023 WL 1991435, at *6 (S.D.N.Y. 2023) (quoting *NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1210 (11th Cir. 2022)). In other words, even though Telnyx itself is not the speaker or publisher of any information at issue here, its presentation of "speech generated by other persons … fall[s] squarely within the core of First Amendment security." *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston, Inc.*, 515 U.S. 557, 570 (1995).

Thus, although Telnyx is not itself the speaker or publisher of any information at issue in this case, Plaintiffs' Daniel's Law claim against it still must be dismissed as barred by the First Amendment for all of the same reasons set forth in the consolidated memorandum in support of Defendants' motion to dismiss.

5

Dated:   June 14, 2024

**McCARTER & ENGLISH, LLP**

/s/ *Scott S. Christie*
Scott S. Christie (ID: 37901989)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Email: schristie@mccarter.com

*Attorneys for Defendant Telnyx LLC*